HOLLYWOOD BEACH HOTEL & GOLF CLUB, INC., MERCAN-
TILE INVESTMENT & HOLDING CO., also Known as MER-
CANTILE INVESTMENT & HOLDING CO., and HOLLYWOOD,
INC., v. C. R. GILLILAND.

191 So. 30
Opinion Filed September 12, 1939

26

*Arthur S. Friedman,* for Appellants;

*McCune, Hiassen & Fleming,* for Appellee.

PER CURIAM.—Appellee, as complainant, filed his bill of complaint in the nature of a creditor's bill against appellants as defendants. Hollywood Beach Hotel & Golf Club, Inc., and Mercantile Investment & Holding Company answered the bill of complaint wherein they alleged that in April, 1938, the plaintiff instituted an action at law against the Mercantile Investment & Holding Company to recover a large indebtedness which the chancery cause was seeking to make assets of the latter available to satisfy. The declara-

tion was held good against demurrer, but the issues in the common-law action have not proceeded to judgment and the pleadings in the chancery cause have not reached an issue.

The allegations in the bill of complaint and the answer relate to the unity of the Mercantile Company and the Hotel Company. The fundamental purpose of the bill of complaint is to induce the court to disregard the corporate fiction of the Hotel Company and decree it to be the mere *alter ego* of the mercantile company, liable to the plaintiff on a large indebtedness due by the mercantile company to the plaintiff. The bill is replete with allegations relating to the commingling and use of the funds of one of said corporations for the corporate purposes of the other, the domination and control of one of said corporations by the other, the identity of officers and stockholders of the two corporations, what consideration, if any, was paid for certain conveyances by the mercantile company to the hotel company and whether or not the hotel company holds the property so conveyed in trust for the mercantile company.

The only question we are called on to answer is the sufficiency of the motion made by complainant to require the hotel company and the mercantile company to produce their books, records, and papers relating to the charges detailed in the bill of complaint for inspection at the trial.

Appellants contend that their books, records, and papers are out of the State and cannot be produced, that if they could be produced, they should not be required prior to the final judgment in the common-law action, that it must be first shown that the books, records, and papers are relevant, material, necessary and applicable to the issues made and that no judicial inquiry was made to determine these facts before the motion was granted. . . .

The motion for the production of the books, records, and

papers was made pursuant to Section 49 of the 1931 Chancery Act which is as follows:

"On the motion of any party, after reasonable notice, the court may order any other party or parties to produce books, records, and papers containing or believed to contain evidence pertinent to the cause of action or defense of the movant which are in the possession or control of the party or parties named in the motion and order, either for inspection before or use at the trial; at such time or times and under such reasonable terms and conditions as may be prescribed by the court in its order on such motion."

We construe this rule to entitle any party to a cause the privilege of examining the "books, records, and papers" of the opposite party containing or believed to contain evidence pertinent to the cause of the movant and if found to be so, it may be used at the trial. We think, however, that the movant should specify in his motion with particularity as best he can the facts he intends to prove together with the books, records, and papers from which the evidence he is in need of may be secured and that only such books, records, and papers as reveal the facts specified to be proven should be produced. The sole purpose of the rule is to procure evidence pertinent to the issues. It is in no sense designed to afford a litigant an avenue to pry into his adversary's business, or go on a fishing expedition to uncover business methods, confidential relations, or other facts pertaining to the business. The latter part of the rule clothes the judge before whom the application is made with ample power to determine the sufficiency of the motion and to say what books, records and papers should be brought in and the terms under which they should be produced.

It is the duty of the judge before whom such a motion is made to award the movant consideration with respect to

obtaining evidence that the rule contemplates but he is under an equal obligation to the party against whom the motion is directed to protect his business from search for any other purpose. The circumstances of the particular case will determine the nature and character of his order. In a case like this, where the books, papers, and records are in different places or where they are voluminous, it becomes doubly important that the motion be definite and certain as to what records be produced.

It should be made to appear that the books, records and papers are reasonably expected to contain matter relevant, and material and unless so shown, production of them should not be required. The fact that they are in another State is not material. LeMire v. Galloway, 130 Fla. 101, 177 So. 283. On this point, the order appealed from is not unreasonable or unduly burdensome since it requires production at the business offices of the Hollywood Beach Hotel or at a convenient place therein.

Under the rule, evidence may be required "either for inspection before or for use at the trial." The trial judge may prescribe different terms and conditions for the production of books, papers and records when they are to be inspected before the trial from that when they are to be used at the trial. A final decree cannot be entered in the creditor's bill until the claim relied on in the common law case shall have been reduced to judgment. Section 5035, Compiled General Laws of 1927. The pleadings here show that the chancery cause was not at issue and the common-law case had not been reduced to judgment when the motion was made.

This rule does not provide a means to secure information on which to predicate a cause of action. It is limited to securing evidence to prove the issues made and since the issues are not determined, it does seem that the motion for

the production of books, papers, and records was premature as no issue had matured in the chancery cause and no judgment had been secured at common law, and, being so, there may be no occasion to produce the evidence. Neither the motion nor the evidence meet the requirements of the rule herein prescribed.

The judgment is therefore reversed.

Reversed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.