WAKEMAN GRIFFIN GRIBBEL, JOHN BANCKER GRIBBEL, IDELLA GRIBBEL McCURDY, ELIZABETH GRIBBEL CORKRAN and THOMAS A. BRACKEN, JR., as Director-Trustees of JOHN GRIBBEL, Incorporated, a dissolved Florida corporation, and JOHN GRIBBEL, INCORPORATED, a dissolved Florida corporation, and THE TAMPA GAS COMPANY, a Florida corporation, v. T. N. HENDERSON, JR., et al.

16 So. (2nd) 639            January Term, 1944
February 15, 1944            En Banc

*Carl T. Hoffman, L. L. Robinson* and *Sam C. Matthews,* for petitioners.

*Tillman & Henderson* and *Mabry, Reaves, Carlton & White,* for respondents.

PER CURIAM:

Respondents as complainants instituted a suit in equity against petitioners as defendants. Respondents are preferred stockholders of Tampa Gas Company and the suit was filed as a class suit to coerce an accounting. Respondents moved to require petitioners to produce certain books, records, and papers for examination. The trial court over objections of petitioners granted the motion. The order of the circuit court is here for review on certiorari.

The motion to produce the books, records, and papers was filed pursuant to Section 49 of the 1931 Chancery Act which is as follows:

"On the motion of any party, after reasonable notice, the court may order any other party or parties to produce books, records and papers containing or believed to contain evidence pertinent to the cause of action or defense of the movant which are in the possession or control of the party or parties named in the motion and order, either for inspection before or use at the trial, at such time or times and under such reasonable terms and conditions as may be prescribed by the court in its order on such motion."

May the order complained of be reasonably comprehended within this rule, is the only question with which we are confronted.

The pertinent parts of the motion and judgment brought up for review are as follows:

"1.   (a) Minutes of the meeting of the Board of Directors of said Company held February 26, 1912;

"(b) Minutes of all other meetings of said Board of Directors held between January 1 and May 31, 1912, inclusive;

"2.   The general journal of said Company showing:

(a) All entries therein of March 14, 1912;

(b) All entries therein between January 1 and May 31, 1912, inclusive;

"3.   All other books and records showing all transactions of the Company between January 1 and May 31, 1912, inclusive;

"4.   All books and records showing all transactions of the company between May 31, 1912 and January 1, 1914, inclusive;

"5.   Minutes of the meetings of the Board of Directors held:

"(a) April 12, 1928

"(b) May 3, 1928

"(c) May 14, 1928;

"(d) Minutes of all meetings of the Board of Directors held between April 1 and June 30, 1928, inclusive;

"6.   Canceled check dated May 15, 1928, for $300,000 to the order of John Gribbel, Inc., with the voucher memorandum forming a part thereof;

"7.   Canceled check dated April 13, 1928, for $150,000 to the order of John Gribbel, Inc., with the voucher memorandum forming a part thereof;

"8.   All books and records of the Company showing its business transactions between April 1 and June 30, 1928, inclusive;

"9.   Books of said corporation showing the names of the "president, directors, and other officers of said corporation, acting as such at the times hereinabove set forth; names of the stockholders and the amount of stock owned by each."

In our judgment, paragraphs 1b, 2b, 3, 4, 5d, 8 and 9 as quoted are not comprehended within paragraph 49 of the 1931 Chancery Act, the test of which is that the books and records sought must contain evidence or are that the movant has good reason to believe they contain evidence pertinent to the cause of action.   Hollywood Beach Hotel and Golf

Club, Inc., v. Gilliland, 140 Fla. 24, 191 So. 30. These paragraphs seek to have books and records brought into court on nothing more than bare suspicion which is not sufficient.

The petition for certiorari is therefore granted and the judgment as to paragraphs 1b, 2b, 3, 4, 5d, 8 and 9 is quashed. In other respects it is affirmed. Movants may be permitted to amend their motion if they desire.

BUFORD, C. J., TERRELL, BROWN, CHAPMAN, ADAMS and SEBRING, JJ., concur.

THOMAS, J., dissents.