## NIAGARA DUPLICATOR CO., Inc., v. SHACKLEFORD.

### No. 9228.

United States Court of Appeals District of Columbia.

Argued Jan. 15, 1947.

Decided Feb. 24, 1947.

Mr. Ellis B. Miller, of Washington, D. C., with whom Mr. Milton W. King, of Washington, D. C., was on the brief, for appellant. Mr. Bernard I. Nordlinger, of Washington, D. C., also entered an appearance for appellant.

Mr. Lester Wood, of Washington, D. C., for appellee.

Before EDGERTON, CLARK, and WILBUR K. MILLER, Associate Justices.

CLARK, Associate Justice.

This is a special appeal from an order of the District Court directing appellant to make copies or photostat copies of certain books of account and records, and to permit inspection and examination of the same books of account and records for purposes of verification. The order was issued pursuant to appellee's motion under Rule 34, Federal Rules of Civil Procedure,[1] for production of books of account and records filed in an action commenced by appellee for an accounting and money adjustment under an agreement between appellant and appellee.

Appellant is a California Corporation engaged in manufacturing machines with its principal offices located in San Francisco, California. From March 9, 1942 to March 15, 1945 appellant maintained a branch office in Washington, D. C., during the greater part of which period from March 9, 1942 to December 24, 1944, appellee, under an agreement between the parties, acted as branch manager. Appellee was to receive, in addition to a fixed compensation, a per cent share of the Branch's net profits to be distributed to him within a designated time. Not being satisfied with the statements rendered by appellant as to the business done by the Washington Branch and the profits due him under the agreement, appellee commenced the action for the accounting which resulted in the order appealed from.

Appellant offers three grounds of attack: (1) The order is burdensome, unreasonable, oppressive and costly. (2) The order is an abuse of discretion on the part of the trial judge. (3) The motion on which the order was based does not comply with Rule 34, Federal Rules of Civil Procedure.

Since we are of opinion that the order complained of is invalid because it imposes an unreasonable and oppressive burden on appellant and that the trial court exceeded the bounds of judicial discretion in making it, we do not here deal with the third ground alleged.

Rule 34 provides, in part, as follows:

"Upon motion of any party showing good cause therefor and upon notice to all other parties, the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control; * * * The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just."

Appellant has at all times throughout the hearing below expressed a willingness to have its books and records made available to appellee or his representative. The books and records pertinent to appellee's motion are, however, part of the general books of account of appellant used in connection with its entire business and are located in San Francisco, California. The unreasonableness of compelling appellant to produce all of these books and records in Washington, D. C. was recognized by the trial court at the hearing below upon appellant's affidavit that it was impossible to segregate the records pertaining to the Washington Branch without materially and seriously interfering with the conduct of its general business operations.[2] The requirement that appellant copy or photostat "all entries contained in its books of account and records relating to all and any business done" by its Washington Branch Office seems to us to be equally unreasonable in view of the terms of Rule 34 which places the burden of inspecting and copying on the moving party. Rule 34 states that the court "may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, etc.", and "The order shall specify the time, place, and manner of making the inspection and taking the copies and

[1] 28 U.S.C.A. following Section 723c.

[2] See Bank of America Nat. Trust & Savings Ass'n. v. Douglas, 70 App.D.C. 221, 227, 105 F.2d 100, 106, 123 A.L.R. 1266; Sonken-Galamba Corp. v. Atchison, T. & S. F. R. Co., D.C., 30 F.Supp. 936.

photographs and may prescribe such terms and conditions as are just." We do not believe that the last clause "and may prescribe such terms and conditions as are just" operates to allow the court to cast on the producing party the burden and expense of making the copies or photostats. Under such circumstances as are found here the reasonable solution would seem to be to have the order requiring the production of the books and records specify appellant's office in San Francisco, California as the place of making the inspection and taking the copies.[3]

Reversed and remanded for further proceedings in accordance with this opinion.

---

[3] Cf. Cartwright v. Greenpoint Basin & Const. Co., D.C., 2 F.R.D. 338.