**BARROWS v. KONINKLIJKE LUCHT-VAART MAATSCHAPPIJ.**

**GRATKE v. KONINKLIJKE LUCHT-VAART MAATSCHAPPIJ.**

**WERKLEY v. KONINKLIJKE LUCHT-VAART MAATSCHAPPIJ.**

United States District Court,
S. D. New York.
March 31, 1951.

McLaughlin Russell Bullock & Lark, New York City, for plaintiff, Barrows.

Walsh & Levine, New York City, and Orvis Houghton Saxby, Boston, Mass., for plaintiff, Gratke.

Walsh & Levine, New York City, for plaintiff, Werkley.

Theodore E. Wolcott, New York City, of counsel for plaintiffs.

Condon & Forsyth, New York City, (Cyril Hyde Condon and George Foster, Jr., New York City, of counsel), for defendant.

S. H. KAUFMAN, District Judge.

Three actions have been instituted against defendant to recover for wrongful death. Each of the decedents was a passenger on defendant's airplane which crashed near Bombay, India on or about July 12, 1949. Plaintiffs in the three actions have served one set of 58 interrogatories on defendant, pursuant to Rule 33 Fed.Rules Civ.Proc. 28 U.S.C.A. Defendant has filed objections to certain of those interrogatories. It now moves for a ruling on the objections made by it to the interrogatories and requests an extension of time in which to answer the interrogatories.

As to the majority of the interrogatories, no objection is made. The objections to interrogatories 57 and 58 need not be considered, plaintiffs having withdrawn them.

As to interrogatories 11, 25 and 52, defendant claims that they are too broadly drawn and should be limited. Interrogatory 11 requires that defendant give the names, addresses, and places of assignment of, and the positions held by, all of the officers of defendant during June and July, 1949. Defendant is an international airline, with numerous offices and officers scattered throughout the world. The listing of all of the officers could serve no useful purpose. Plaintiffs concede that they desire information only as to those officers who had some responsibility in connection with the flight on which the crash occurred. Interrogatory 11 should therefore be limited to apply only to those officials who arranged the trip, planned its itinerary, instructed the crew, and made arrangements for operating and maintaining the airplane.

Interrogatory 25 requires defendant to state the names and addresses of "all" company personnel in charge of maintenance and operation of defendant's aircraft in Batavia, Burma, Ceylon and India "on or before July 12, 1949", giving in each case the position held, place stationed and description of the duties of each of such persons. Defendant seeks to limit this interrogatory to those persons who were in charge of the airplane that crashed. The interrogatory should be limited to a period beginning thirty days prior to July 12, 1949 as to all company personnel in charge of the maintenance and operations during that period on the route covered by the airplane in question. All facts pertaining to defendant's method of maintenance and operation may be relevant to this case, and plaintiffs should be furnished with the names of the persons who have knowledge of such facts.

Objection to interrogatory 52 is overruled.

Defendant also objects to so much of interrogatories 2(a), 3(a), 4(a), 8(a), 9(a), 10(a), 21(a), 23(a), 24(a), 27, 29, 31, 33(a), 35, 36, 37(a), 40(a), 41(a), 47(a), 51(a), 53(a), 54(a), and 56(a) as require it to furnish plaintiffs with copies of documents, papers and records. Defendant has expressed its willingness to produce the documents requested and does not question the propriety of calling for the production of documents under Rule 33 rather than by separate motion under Rule 34. However, it does object to being required to bear the expense of preparing copies for plaintiffs. If plaintiffs had moved for production and inspection under Rule 34, they would have to bear the expense of making copies. Niagara Duplicator Co., Inc. v. Shackleford, 1947, 82 U.S.App.D.C. 45, 160 F.2d 25; see Alltmont v. United States, 3 Cir., 1950, 177 F.2d 971, 977 certiorari denied 339 U.S. 967, 70 S.Ct. 999. By using interrogatories to secure copies of documents, a practice not sanctioned by most courts (see 4 Moore, Federal Practice 2322–2326, 2d ed.), the burden of these expenses cannot be shifted. Since defendant is willing to produce the documents, it may answer these interrogatories by producing the originals at its New York office and permitting plaintiffs to inspect or copy them, or, if it has copies, by furnishing such copies

without cost to plaintiffs, or, at plaintiffs' election, plaintiffs may procure photostatic copies of such documents at their own cost and expense.

Defendant has requested that the time to answer the interrogatories be extended for a period of ninety days after the entry of an order herein. The interrogatories are extensive and require defendant to gather information from many places overseas. Inasmuch as an extension of ninety days will not delay the trial and there is no foreseeable damage to plaintiffs, the time for defendant to make answer to the interrogatories should be extended for a period of ninety days after the entry of an order herein.

Motion granted in accordance with this memorandum. Settle order on notice.