117 So.2d 33 (1960)
R.K. COOPER and R.K. Cooper, Inc., a Florida Corporation, Appellants,
v.
Alan D. FULTON, Appellee.
No. 59-691.
District Court of Appeal of Florida. Third District.
January 8, 1960.
*34 Charles J. Crowder and George J. Baya, Miami, for appellants.
Hill, Welsh, Cornell, Ross & Pyszka, Miami, for appellee.
CARROLL, CHAS., Judge.
This interlocutory appeal, from an order requiring the appellants, defendants below, to produce for inspection prior to trial the books and records of the appellant corporation, marks the second appearance of this case here. See Cooper v. Fulton, Fla. App. 1959, 107 So.2d 798.
On the first interlocutory appeal we reversed a discovery order for production of books and records of the defendant corporation, holding it was premature. The appellee-plaintiff had sued, claiming a partnership interest and for a dissolution and accounting. On that earlier appeal we held "discovery was not warranted prior to a trial on the merits and determination of the plaintiff's right to the dissolution or to an accounting for which such information would then be relevant and material."
Thereafter, the defendants filed a counterclaim seeking damages for certain substantial losses which allegedly were suffered by the defendant corporation because of stated acts and conduct of the plaintiff. Trial of issues on those claims as asserted by appellants under their counterclaim, would not need to await determination of other or preliminary issues.[1] For *35 that reason, the learned chancellor was correct in granting the second discovery motion for production of books and records, and denying a motion to suppress a subpoena duces tecum issued for the same object. A party, who is required to defend against a complaint or counterclaim which charges that his actions have resulted in a loss of business to his opponent over a period of time, is entitled to discovery inspection of his adversary's books and records reflecting the business which allegedly sustained such losses. Questions as to the materiality of the books and records for such purpose are to be determined by the trial court on the application for discovery, by motion to produce or otherwise. See Hollywood Beach Hotel & Golf Club v. Gilliland, 140 Fla. 24, 191 So. 30; Jacobs v. Jacobs, Fla. 1951, 50 So.2d 169; Charles Sales Corp. v. Rovenger, Fla. 1956, 88 So.2d 551; Brooks v. Owens, Fla. 1957, 97 So.2d 693; 4 Moore, Federal Practice, § 34.10 (2d ed. 1950); 17 Am.Jur., Discovery and Inspection, §§ 22, 38.
Appellants argue, however, that the discovery order was too broad, by requiring production of records in excess of those which could be material, and otherwise was harmful; and appellants seek to have the order modified in several respects. Specifically, appellants argue: (1) it was not necessary, for trial of questions concerning the company's insurance business, to order production of all books and records, which would include those relating to the company's other departments, such as real estate and mortgage loan departments; (2) that the income tax returns covered the entire business as reflected by all departments, and therefore would not be material; (3) that the order was too broad in requiring production of the corporation's minute book and the stock certificate book, contending that those records of the corporation could have no materiality or evidentiary value on the issues raised; and (4) that the provision of the order which would require the appellant corporation to deliver its books and records to the office of opposing counsel, for such period as the latter chose to keep them, was unwarranted and unreasonable, pointing out the likelihood of alteration or loss of the records, and that its books are needed in day to day operation of its business. Appellants also argued that any discovery examination of its books and records should be in appellants' office, or at least where appellants could have an agent or observer present, and at a designated time and for a limited period.
A discovery order for production of books and records for inspection, as provided for by rule 1.28, F.R.C.P., 30 F.S.A. (or by subpoena duces tecum, rule 1.34, F.R.C.P.; see Brooker v. Smith, Fla.App. 1959, 108 So.2d 790), may include those things and records "which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 1.21(b)," and the latter rule specifies "* * * any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts." That rule further states: "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to discovery of admissible evidence."
*36 Based on the foregoing, it seems apparent that the corporation records relating to departments other than the company's insurance business which is involved in this case, such as real estate and mortgage loan departments, would not have that degree of materiality justifying an order for their production. The same would apply to the income tax returns, unless it should appear therefrom that they separately reflect the annual figures relating to the company's insurance business or department. Also, no relevancy appears as to the minute book and corporate stock book for the matters asserted in the counterclaim. Therefore, the order appealed from should be modified to require production only of the books and records relating to the insurance business for the period of time involved (omitting, as the chancellor has done, information as to insurance policy inceptions and expirations). However, if certain books and records which contain matter relating to the insurance business or "department" also contain matter relating to the other departments, that fact should not excuse the production thereof.
There remains for consideration the appellant corporation's contention that it should not have been ordered to place its books and records in the hands of its adversary, and for an indefinite period. The applicable rule for discovery, rule 1.28 F.R.C.P., gives the chancellor broad discretion in this regard, saying: "The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just."
This power should be exercised in a manner which suits convenience of the parties and which does not unduly inconvenience or operate to the prejudice of a party. See 4 Moore, Federal Practice, § 34.19[2] (2d ed., 1950). Where records of a business are to be examined for discovery, ordinarily they should not be required to be delivered to the adversary, but to be made available for inspection, etc., at the owners' place of business, during reasonable business hours, unless the parties mutually agree to some other place and time. Niagara Duplicator Co., Inc. v. Shackleford, 1947, 82 U.S.App.D.C. 45, 160 F.2d 25; Harris v. Sunset Oil Co., D.C.W.D.Wash. 1941, 2 F.R.D. 93; Cartwright v. Greenpoint Basin & Construction Co., D.C.E.D.N.Y. 1942, 2 F.R.D. 338 (where records needed in daily business). See Hollywood Beach Hotel & Golf Club v. Gilliland, supra. In 27 C.J.S. Discovery § 82, p. 264, in discussing time, place and manner of discovery inspection it is said:
"The order should make reasonable provisions as to the place of inspection. It should generally provide that the inspection should be made at defendant's place of business without removal, or that the books should be produced in open court or before an officer of the court, although the court may in its discretion otherwise fix the place of examination, especially where another place of inspection is agreed on by counsel of the parties.
"Books of account should not be impounded and their owner deprived of their use and control. A court cannot require a party to move his books, papers, and documents from the place where they are ordinarily kept to some other place to make it convenient to inspect them. So a party cannot be required to produce his books at the office of his adversary's attorney, but may either permit them to be inspected at the office of his own attorney or furnish duly verified copies of the entries in question. * * *"
The making of the discovery order for production of books and records prior to trial with relation to issues under the counterclaim, was not error, but the appellants' contentions are well taken that the discovery order is too broad, and would be harmful in certain respects as referred to above. Therefore, the order is reversed in part and the cause is remanded for such modification of the order to produce, *37 as to the books and records to be covered thereby and as to the place and time for production thereof, as the circumstances of the case may require, consistent with the foregoing opinion.
Affirmed in part and reversed in part and remanded.
HORTON, C.J., and PEARSON, J., concur.
NOTES
[1] This is disclosed by recitations in the chancellor's order to produce, as follows: "[T]he [counterclaimed] indebtedness covers numerous and sundry transactions, the nature and extent of which would appear to be susceptible of verification or refutation by review and analysis of the pertinent books and records of the defendant; the defendant claiming further that due to the conduct of the plaintiff, the gross operating costs of the defendant's insurance department increased and the net profit was caused to be reduced; and further and among other claims, plaintiff's conduct did result in the defendant incurring a loss of some Twenty Thousand ($20,000.00) Dollars by reason of uncollectible accounts of the insurance department. It is apparent that these matters are likewise susceptible of verification or refutation by careful examination, analysis or audit of the pertinent books and records of the defendant."