CARROLL, CHAS., Judge.
This is an interlocutory appeal from a discovery order. The appellant, as the plaintiff below, filed an equity suit relating to a lease under which it had held an aircraft, after appellees had retaken the aircraft for alleged nonpayment of rental.
This is a companion case to No. 60-347, similarly styled, decided this date and reported in 123 So.2d 682. The same lease provisions were involved, relating to a different aircraft. The similar equity complaint was striken for sham, leaving only a legal counterclaim under which the appellees sought damages for one month’s stipulated rent and for additional rent based on a period of operation of the aircraft.[1] *687 In this case there was filed a motion to require delivery of the records similar to the motion which was the basis for the order for delivery in Case No. 60-347. In the instant case that motion for delivery was denied, by an order dated June 23, 1960. Thereafter the counterclaimants moved under rule 1.28, Fla.Rules Civ.Proc., 30 F.S.A., for production, for inspection and copying, of all of the documents and records held by the appellant relating to the aircraft involved in this case. As grounds, that second motion stated that “defendants believe [such records] constitute or contain evidence relating to the cause,” and in addition recited that the movants as owners of the aircraft were entitled to have such records and that the same were needed for their operation of the aircraft under federal regulations.[2]
The chancellor then entered the order, dated August 18, 1960, which is the subject of this appeal, granting the motion to produce and requiring production of certain of the items set out in the motion, as follows :
“Ordered that the plaintiff, Riddle Airlines, Inc., shall produce and permit the defendants to inspect and copy or photograph the following documents now in the possession, custody and control of Riddle Airlines, Inc., its Assistant Treasurer, Stanley C. Hum-phries, or any other officer, agent, employee or attorney of Riddle Airlines, Inc., pertaining to C-46 aircraft bearing Registration No. N990SF and Manufacturer’s Serial No. 30316:
“1. FAA or CAA forms No. 305, No. 319 and No. 337, covering the period 1956 to date;
“2. All files and records showing installation, repair, maintenance *688 and replacement of individual aircraft component parts related to the aircraft, covering a period of time from the major overhaul in 1955 and 1956 in Italy, and specifically including all component part time records;
“3. All aircraft, engine and propeller logs for the aircraft de-cribed and for the engines and propellers installed;
“4. The weight and balance sheets for said aircraft;
“5. All radio logs pertaining to all radio equipment installed on the aircraft;
“6. All records of conversion, licensing and approval of the aircraft as converted, including drawings approved by CAA and FAA;”
The appellant contended here that the discovery order was improper by requiring production of documents having no evi-dentiary relation to the issue remaining in the case, and (2) because it represented ancillary relief in the nature of replevin not within the pleadings or scope of the issue. The authorities cited by the appellant [3] support its contentions that the purpose of rule 1.28 F.R.C.P. is to procure evidence relating to the issues, that the rule does not provide a means to probe for information upon which to predicate possible causes of action not asserted in the pleadings, and that the rule does not contemplate delivery to the opposite party of records en masse which are not shown to be evidence or such as would lead to evidence to prove the issues made.
While the trial court should afford the party moving for discovery every consideration with respect to obtaining evidence for resolution of the issue or issues made in the case, the court is under an equal obligation to the party against whom the motion is directed to protect him against excessive demands for production of his records or property, not shown by the movant to be evidence or productive of evidence for proof of issues made.
The record discloses that the effort of the movants to obtain the production of these records for inspection and copying was not so much in order to sustain the charge that the claimants were entitled to additional rental for the number of hours that the aircraft and its engines were used, as it was to furnish the counter-defendants with all data and records held by appellant relating to the aircraft which would assist them in its use and in meeting requirements of regulatory authorities as to its condition and operational qualifications. That was demonstrated by the filing of the initial motion for the delivery of such records, which was made for the purposes just mentioned and without regard to proof of the claim for rent, and also, was shown by the fact that the later motion to produce relied on grounds and reasons apart from proof of the issue as to rent. Rule 1.28, F.R.C.P., is no basis for requiring a party to produce his records to an adverse party except for the purposes for which such production is intended and authorized under that rule.
The counterclaim presented only one issue which could be aided by such discovery, and that was upon the claim for additional rent based on the number of hours that the aircraft and its engines were operated by the lessee. It is plain that most of what was ordered to be produced *689 could not supply evidence in proof of the sole issue involved. But we cannot agree with the appellant that all of the items included in the challenged order failed thus to relate to that issue. Among the records listed in the order to produce, item No. 3, calling for “All aircraft, engine and propeller logs for the aircraft described and for the engines and propellers installed,” should reveal evidence of the period of use of the aircraft and its engines.
Accordingly, the cause is remanded with directions to amend the order appealed from to restrict it to the said item No. 3 of the order, and to production of such others of the records and documents as to which it may be made to appear to the satisfaction of the chancellor that they will furnish evidence on the issue of the number of hours the aircraft and its engines were used since the last major overhaul thereof.
Modified, and remanded with directions.
HORTON, C. J., and PEARSON, j., concur.

. The pertinent allegations of the counterclaim under which such damages were sought were the following:
“14. Neither the lease payment nor the option deposit payment each in the sum of $1500, was paid on March 30, 1960, and when demand was made of Riddle Airlines, Inc. for said payments by Philip Mann, he was advised, as he had previously been advised, that no further payments would be made by Riddle Airlines, Inc. No payments have been made on either agreement since the February 1960 payments.
“15. As a result of such default, coun-terelaimants took possession of the leased
aircraft under and pursuant to paragraph 25 of the original lease dated June 6, 1956, a copy of which is attached to the plaintiff’s complaint as Exhibit A.
“16. Paragraph 18 of said lease provides that upon the expiration or termination of said lease, the leased aircraft shall be returned to the lessors with zero time on its engines, propellers and air frame. It further provides:
“ ‘In the event said aircraft, at the expiration or termination of his Lease Agreement, shall have been re-delivered to Lessors with greater than zero time on its engines, propellors or air frame, and in the further event that the Lessors *687 agree to accept said aircraft -with greater than zero time on its engines, propellors or air frame, then and in such event, the Lessee shall pay to the Lessors the sum of $3.00 per hour for each air frame hour and the sum of $4.50 per hour for each hour of engine time on each engine.’
“While counterclaimants do not know the exact number of air frame hours on the aircraft, nor the exact hours of engine time on each engine of 0-46, Registration No. N9905F, at the time of repossession, May 1, 1960, they do know, and therefore aver, that the engines, pro-pellors and air frame had upon them more than zero hours. Counterclaimants have been informed, and therefore allege, that at the time of repossession, May 1, 1960, said aircraft had been flown more than 6000 hours and its air frame had been used in excess of 6000 hours.
“By reason of the foregoing, Riddle Airlines, Inc. owes the aforenamed joint venturers and counter-claimants, doing business under the name of Southern Aircraft Leasing Company, more than $18,-000 for air frame time, as well as an additional amount for hours above zero of engine time on each engine.
“Riddle Airlines, Inc. also owes the rent from March 30, 1960 to the date of repossession in the sum of $1500,”

. Those grounds or reasons were set out in that motion for production as follows:
“In support of this motion and for good cause therefor, defendants allege that there remains for trial in the above-entitled cause defendants’ counterclaim against Riddle Airlines, Inc.; that at the time of the repossession of the aircraft from plaintiff on May 1, 1960 pertinent aircraft records, including permanent records of maintenance, repair and alteration of the air frame, power plant, propellers and component parts, required by the Civil Aeronautics Board to be kept by every owner or operator of an aircraft registered in the United States, were not on the aircraft and have been since that time retained by plaintiff; that additional regulations of the Federal Aviation Agency require the registered owner or operator to maintain and retain records of an aircraft and its component parts in a log book and to deliver the same to any new owner or registered operator; that in order to mitigate their damages from loss of use of the aircraft during this litigation, defendants have sought to obtain from plaintiff the required aircraft records but plaintiff has constantly refused to deliver such records and since July 12, 1960 has been delinquent in answering interrogatories propounded to plaintiff in writing on June 24, 1960, which interrogatories sought to ascertain what records were in plaintiff’s possession, custody and’control and the location thereof; that although defendants have entered into a lease of their aircraft and *688 the lessee lias been permitted to operate the same without the required records withheld by plaintiff, said records will have to be produced eventually and are needed by defendants.”

. Hollywood Beach Hotel & Golf Club v. Gilliland, 140 Fla. 24, 191 So. 30; Wofford v. Wofford, Fla.1950, 47 So.2d 306; Jacobs v. Jacobs, Fla.1951, 50 So.2d 169; Mack v. Mack, Fla.App.1960, 115 So.2d 447; Cooper v. Fulton, Fla.App. 1960, 117 So.2d 33.