PEARSON, TILLMAN, Judge.
We are presented with a petition for writ of certiorari to review an interlocutory order of the County Judge’s Court. The .order sought to be reviewed provides, as follows: ■:
“ORDERED, ADJUDGED AND’ DECREED that Willis G. Van Devere, Ancillary Co-Executor in the above referred to Estate be and he is hereby ' ordered and directed to obtain arid’1' produce to E. A. Ulmer, C.P.A., the'; original or photostatic copies of all'' bank statements, cancelled checks, and: deposit slips concerning his Trust-Ac-', count with the Florida National Bank and Trust Company of Miami, Miami,., Florida, which Trust Account is re- ■ ferred to as the W. G. Van Devere Trust Account for the period commencing April 6, 1949 up to, and including August 28, 1958.
“It is further ORDERED, ADJUDGED AND DECREED that Willis G. Van Devere, Ancillary Co-Executor, of the above styled Estate furnish to E. A. Ulmer, C.P.A., any other data *900 which he may have or which he may he able to acquire concerning the financial affairs of the decedent, Jeanette G. Van Devere.
“It is further ORDERED, ADJUDGED AND DECREED that Willis G. Van Devere, Ancillary Co-Executor be and he is hereby ordered to obtain and produce, or to cooperate in obtaining and producing from the Florida National Bank and Trust Company of Miami, Miami, Florida, all information concerning the amount and date of any and all loans made to Jeanette G. Van Devere, deceased by the Florida National Bank and Trust Company of Miami, and the mode or method of repayment of such loans.”
It should be noted that the order under review requires disclosure to a court-appointed examiner. We have determined that the petition for certiorari is proper because compliance with the order may reasonably cause material injury and the remedy by appeal will be inadequate. See Kauffman v. King, Fla.1956, 89 So.2d 24; Ford Motor Co. v. Havee, Fla.App.1960, 123 So.2d 572.
The petitioner claims two grounds for the issuance of the writ. The first urges that the accounts to be examined include privileged communications because the order is so broad in scope that it includes dealings between the petitioner, who is a practicing attorney, and his clients, not involved in the controversy. The second ground asserted is that the scope of the inquiry permitted by the order is so broad that it is unlawful. We have determined that the order ought to be amended to limit its effect to matters relating to transactions for or with the decedent. It affirmatively appears from the record that the object sought by the discovery is a determination of the true amount due from the petitioner to the estate if such be the case. Under these circumstances, it ought not to be necessary to require an examination of all of the trust account of the attorney-petitioner. See Cooper v. Fulton, Fla.App.1960, 117 So.2d 33, 83 A.L.R.2d 297.
Therefore, the order dated March 18, 1963, is quashed with directions to the trial court to enter an order limiting the records required to be produced to those relating to transactions for or with the decedent and decedent’s estate.
The writ is granted and the order quashed with directions to enter an amended order limited as herein set forth.
It is so ordered.
CARROLL, J., dissents.