191 So.2d 487 (1966)
FRYD CONSTRUCTION CORPORATION, Petitioner,
v.
William A. FREEMAN, Jr., Respondent.
No. 66-593.
District Court of Appeal of Florida. Third District.
November 1, 1966.
*488 A. Jay Cristol, Miami, Hugh R. Papy, Key West, for petitioner.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell and Warren Hamann, Miami, Harris & Albury, Key West, for respondent.
Before PEARSON, CARROLL and SWANN, JJ.
PEARSON, Judge.
We are presented with a petition for certiorari which seeks review of an order for discovery in a common law action. We have determined that issuance of the writ is proper under the rule set forth in Van Devere v. Holmes, Fla.App. 1963, 156 So.2d 899, 900.
The plaintiff, petitioner, brought an action against the respondent for slander. The damages claimed are "disgrace and public humiliation resulting in injury to its reputation, professional standing and business." In pursuit of discovery, apparently to determine the extent of damages, the defendant respondent, filed a "motion for production of federal income tax returns, inspection and copying of documents, and inspection and photographing of things and real property." After a hearing on the motion, the trial judge entered the following order:
"ORDERED and ADJUDGED that defendant's Motion is granted and the plaintiff is hereby ordered and directed to procure and to furnish to counsel for the defendant within 15 days from the date of this order any and all income tax returns filed by the plaintiff for a period of three years prior to 1966, together with a statement of profit and loss for the current year to date, and it is, further
"ORDERED and ADJUDGED that the defendant's motion is granted and the plaintiff is hereby ordered and directed to produce for examination and copying by the attorneys for the defendant any and all bills of lading, receipts, cancelled checks, papers, documents, payrolls, inventories of materials, report of architects' inspections, and written documents in the possession of plaintiff and relating to its contract with the County of Monroe, State of Florida, for the construction of the Justice Building located at the intersection of Fleming and Whitehead Streets in the City of Key West, Florida, within 15 days from the date of this order, at such time and place as shall be agreed upon by counsel for the plaintiff and defendant, and it is, further
"ORDERED and ADJUDGED that the defendant's motion is granted and the plaintiff is hereby ordered and directed to permit the defendant and his attorney and agent to enter the job site of the said Justice Building and to inspect and to photograph the said Justice Building within ten (10) days from and after written *489 request of defendant addressed to plaintiff, or its attorneys, requesting such permission."
It is apparent that the order may be considered as to its separate paragraphs. In this connection, we note that no attack has been made upon the third paragraph, which directs the plaintiff to permit the defendant and his attorney and agent to enter the job site for the purpose of taking photographs.
As to paragraph one, the petitioner contends that no cause has been shown for the production of copies of federal income tax returns, and that if cause was shown, the order is improper in that the order provides for the delivery of the copies to counsel for the defendant rather than for their inspection as required by Rule 1.28, Florida Rules of Civil Procedure, 30 F.S.A. The rule, which governs this appeal, is as follows:
"RULE 1.28. DISCOVERY AND PRODUCTION OF DOCUMENTS AND THINGS FOR INSPECTION, COPYING OR PHOTOGRAPHING.
"Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 1.24(b), the court in which an action is pending, may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 1.21(b) and which are in his possession, custody, or control; or (2) order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying, or photographing the property or any designated object or operation thereon within the scope of the examinations permitted by Rule 1.21(b). The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just."
Inasmuch as the trial court specifically found that good cause had been shown for the production of the copies of the income tax returns and because it is possible that these returns may be relevant to the claim for damages, we do not find an abuse of discretion in the order requiring the production of the copies of the income tax returns. We do find that it is necessary to quash that portion of the order upon the second objection thereto, inasmuch as the rule specifically provides for the inspection and copying of things not privileged. In this State copies of income tax returns have not been held to be privileged; therefore, they may be used in State court proceedings where they are relevant. See Parker v. Parker, Fla.App. 1966, 182 So.2d 498. Nevertheless, it is clear that care should be taken not to require copies of these confidential documents to be made available, without restraint, to litigants and others who might have an irrelevant interest in them. We therefore direct that provision for the examination of copies of income tax returns be made in the order so that their confidential nature may be reasonably protected.
Paragraph one of the order also directs production of "a statement of profit and loss of the current year to date." This portion of the order must be quashed because there is no showing that such a statement is in existence or that it would be relevant to the issues in the cause.
The second paragraph of the order directs the production for examination and copying of "any and all bills of lading, receipts, cancelled checks, papers, documents, payrolls, inventories of materials, reports of architect's inspections and written documents in the possession of the plaintiff and relating to its contract with the County of Monroe, State of Florida, for the *490 construction of the Justice Building * * * at such time and place as shall be agreed upon by counsel for the plaintiff and the defendant." It is apparent that this paragraph of the order must be quashed under the rule stated in Hollywood Beach Hotel & Golf Club v. Gilliland, 140 Fla. 24, 191 So. 30 (1939). In that case, the Supreme Court of Florida held:
"* * * We think, however, that the movant should specify in his motion with particularity the facts he intends to prove together with the books, records, and papers from which the evidence he is in need of may be secured and that only such books, records, and papers as reveal the facts specified to be proven should be produced." (191 So. at page 32).
See also Van Devere v. Holmes, Fla.App. 1963, 156 So.2d 899.
In addition, it should be pointed out that Rule 1.28, Florida Rules of Civil Procedure, requires that "the order shall specify the time, place and manner of making the inspection and taking the copies * * *." It is apparent that the trial court felt that the attorneys could arrange this matter between themselves and this objection may not have been raised. Nevertheless, the mandate of the rule must be followed if the order is to be enforceable.
The order for production of income tax returns, inspections and copy of documents and inspection and photographing of real property is quashed as to paragraphs one and two of the "ordered and adjudged" portion thereof.
Certiorari granted and order quashed in part.