PER CURIAM.
The petitioners bring this petition for common law certiorari to review an interlocutory order of the trial court which granted respondent’s motion requiring production of petitioners’ income tax returns for the years 1963 through 1967.
*629 The petitioner, Virginia M. Gollsneider, sued the respondent for personal injuries resulting from an automobile accident. She claimed as an element of damage her loss of wage earning capacity.
The petitioners as husband and wife filed joint income tax returns for the years 1963 through 1967. The trial court ordered the petitioners to produce only the first page of their income tax returns for the years requested. This was apparently done because the other portions of the petitioners’ income tax returns would be immaterial to the plaintiff’s claim for loss of wage earning capacity.
The petitioners' main complaint herein is that the respondent did not show good cause for the production of the returns as is required by R.C.P. 1.350, 30 F.S.A. and further that page one of the returns also contains information as to the husband’s wages and other information not material to the issues involved in the case.
It has long been the law of the State of Florida that common law certiora-ri is a discretionary writ and will not ordinarily be issued by an appellate court to review interlocutory orders in a suit at law. Such a writ will only be issued in exceptional cases limited to instances where the lower court acts without or in excess of its jurisdiction; where the interlocutory order does not conform to the essential requirements of law and may reasonably cause material injury throughout the subsequent proceedings for which the remedy by appeal will be inadequate. Girten v. Bouvier, Fla.App.1963, 155 So.2d 745; Wolf v. Industrial Supply Corp., Fla. 1952, 62 So.2d 30.
It has been held in Florida that copies of income tax returns are not privileged and therefore may be used in state court proceedings where they are relevant. See Fryd Construction Corporation v. Freeman, Fla.App.1966, 191 So.2d 487; Parker v. Parker, Fla.App.1966, 182 So.2d 498.
Under the rules laid down above, we do not feel that the petitioners have met the requirements for the issuance of the extraordinary writ of common law cer-tiorari. The lower court certainly was within the exercise of its jurisdiction. If the interlocutory order was in error it cannot be said to be so flagrant as to constitute a departure from the essential requirements of law. Nor can such error, if any, be held to be fundamental or of such a substantial nature as to reasonably cause material injury to the petitioners throughout the subsequent proceedings.
Petition for writ of certiorari is denied.
LILES, C. J., and HOBSON and MANN, TJ., concur.