CARROLL, Judge.
On discovery to obtain evidence as to the financial status of the defendant Ernst & Ernst (a nationally operating accounting firm), incident to a pleaded claim of the plaintiff for punitive damages in an action pending in the circuit court of Dade County, an order was entered granting a motion of the plaintiff to produce. Thereby Ernst & Ernst was ordered to “furnish the most recent statement of earnings for the Ernst & Ernst partnership (including an allocation of net earnings to each partner in the partnership, including limited partners, if any).” By petition for certiorari the defendant Ernst & Ernst seeks review thereof. We hold the petition has merit.
The motion to produce did not show, or purport to show good cause. It was moved that Ernst & Ernst be required to produce, for photocopying and inspection, the statement of earnings, as set out in the order. By Rule 1.350 F.R.Civ.P., 30 F.S.A., such a motion to produce is required to show good cause.
Additionally, we find merit in the arguments of the petitioner that a requirement for the partnership (of which it is represented there are almost 500 partners) to submit the net earnings of each partner for a stated period, would not constitute proper discovery in the premises because it would not serve to establish the “financial worth” or “financial ability” of the partnership,[1] and would represent hardship and embarrassment to the members of the firm and be unduly burdensome. See Hollywood Beach Hotel & Golf Club v. Gilliland, 140 Fla. 24, 191 So. 30; Ormond Beach First Nat. Bank v. Montgomery Roofing Co., Fla.App. 1966, 189 So.2d 239. Therefore, discovery for that purpose, assuming it had been based on a sufficient motion therefor, and determined by the court to be otherwise appropriate, more properly should call for production of evidence of the “financial resources” of the defendant (see Standard Jury Instruction, No. 6.12, 31 F.S.A.) without imposing hardship or unnecessary embarrassment to the party required to produce.
Certiorari is granted, and the challenged order as it so relates to the defendant Ernst & Ernst is quashed.

. Evidence of a defendant’s net earnings for some limited recent period could have little bearing on his or its net worth or financial ability, to which evidence in such connection usually is directed. See Spencer Ladd’s, Inc. v. Lehman, Fla.App.1964, 167 So.2d 731, 734, “evidence as to the financial status of the defendant”; Lehman v. Spencer Ladd’s, Inc., Fla.1966, 182 So.2d 402, 404, “evidence of financial worth of the tort-feasors”; Lewis v. Moody, Fla.App.1967, 195 So.2d 260, 261, “evidence relating to a defendant’s financial worth” ; Atlas Properties, Inc. v. Didich, Fla.App.1968, 213 So.2d 278, 279, “evidence showed the net worth of the corporation”; Joab, Inc. v. Thrall, Fla.App.1971, 245 So.2d 291, 293, “financial ability.”