PER CURIAM.
Petitioners, Danieli Corporation, Danieli Marketing and June Martino, have filed a petition for writ of certiorari seeking review of an order denying protective relief and requiring production of income tax returns and other financial data.
A review of the proceedings reveals that except as to petitioner Martino, all of the points raised in petitioners’ brief deal with objections never presented to or ruled upon by the trial court; under these circumstances it cannot be said that petitioner has demonstrated his entitlement to extraordinary relief by certiorari. See 2 Fla.Jur., Appeals, § 82; 5 Fla.Jur., Certiorari, § 26; Dairyland Insurance Company v. McKenzie, 251 So.2d 887 (Fla.App. 1st 1971). However, with respect to petitioner Martino the production of her income tax returns is irrelevant to any of the issues framed in the complaint and the required production thereof constituted a departure from the essential requirements of law.[1] Tallahassee Democrat, Inc. v. Pogue, 280 So.2d 512 (Fla.App. 1st 1973); Ernst & Ernst v. Reedus, 260 So.2d 258 (Fla. App. 3d 1972); see also Trawick’s Fla. Practice & Procedure, 1975 ed., §§ 16-3 and 16-10.
Accordingly, certiorari is denied as to petitioners Danieli Corporation and Dani-eli Marketing.[2] Certiorari is granted as to petitioner Martino and the challenged order is quashed insofar as it denies protection of the income tax returns of petitioner Martino.
CROSS and MAGER, JJ., concur.
WALDEN, C. J., concurs in part; dissents in part, with opinion.

. The complaint seeks damages for an alleged breach of contract by the corporate petitioners and seeks compensatory and punitive damages against all petitioners for the alleged willful misrepresentation as to the financial stability of the corporate petitioners. The discovery of the personal income tax return of petitioner Martino has no relevancy whatsoever to these issues.

. Petitioners were not represented by the present counsel on appeal.