## BUTLER v. JACKSONVILLE SUPPLY, Inc.
### No. 76-22-AP.
Circuit Court, Duval County, Civil Appeal.

August 5, 1976.

Carlton L. Welch, Jacksonville, for the appellant.

David A. Bartholf, Jacksonville, for the appellee.

JOHN E. SANTORA, Jr., Circuit Judge.

Appellee (plaintiff below) filed a statement of claim seeking damages from appellant for goods sold and delivered as per invoices attached to the statement. On the same day an answer was filed by appellant, the appellee mailed notice of taking the deposition of appellant and included in that notice were the words —

> "You are required to bring with you your last year's income tax return, and your check records of any and all bank accounts for the last six months, and the registrations of any automobiles you may own."

Appellant sought a protective order from the county judge or an order quashing the notice as being improper discovery, both of which were denied, thus this interlocutory appeal. This court stayed proceedings below pending disposition of this appeal.

Rule 1.280, Florida Rules of Civil Procedure, governs discovery that is relevant to the subject matter. It is sufficient if discovery sought appears reasonably calculated to lead to the discovery of admissible evidence.

> ". . . the rule does not contemplate delivery to the opposite party of records en masse which are not shown to be evidence or such as would lead to evidence to prove the issues made.
>
> While the trial court should afford the party moving for discovery every consideration with respect to obtaining evidence for resolution of the issue or issues made in the case, the court is under an equal obligation to the party against whom the motion is directed to protect him against excessive demands for production of his records or property, not shown by the movant to be evidence or productive of evidence for proof of issues made."
>
> Riddle Airlines, Inc. v. Mann, 123 So.2d 685, (Fla. 3d D.C.A. 1960)

There having been no adjudication by the trial judge that appellant is indebted to appellee, the income and assets of the appellant are privileged and not subject to discovery.

Generally speaking, one who sustains damages is entitled to a verdict for the amount of damages which he is able to prove and no more, regardless of the ability of the defendant to pay. 9A Fla. Jur., *Damages,* §144. In actions for compensatory damages, evidence as to the financial standing of either party is inadmissible;

moreover, neither the wealth of one party nor the poverty of the other is admissible to affect the administration of law. 22 Am. Jur. 2d, *Damages* §319.

What we call "the law" is a subtle interface between rules and people; and the reason lawyers and laymen so seldom agree is that the former so often ignore the people for rules, while the latter so often want to bend the rules for the people. (Sidney J. Harris)

The order denying appellant's motion to quash or for protective order is reversed.