PER CURIAM.
Compton & Associates, P.A. petitions for a writ of certiorari. We grant the petition.
Plaintiffs Porlick, Poliquin, Samara, Inc. and Robert A. Porlick, P.E. sued defendants Compton & Associates, P.A. and Robert J. Compton, alleging nonpayment of sums due for consulting engineering services provided by Porlick. The corporate entity, Compton & Associates, P.A., concedes that it entered into the contract. Robert J. Compton concedes that he signed the contract in his corporate capacity, but disputes that he signed in a personal capacity.
Plaintiffs propounded discovery to defendants. Included in the request for production of documents was a demand that the corporate defendant produce “All corporate/]? .A. documents including minutes, annual reports, Financial Statements, Tax Return, Certificate of good standing since January 1, 1990.” The corporate defendant objected that this demand requested documents which were irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The trial court ordered the documents produced and this petition for writ of certiorari follows.
We conclude that the trial court departed from the essential requirements of law in compelling production of all of the corporate documents and corporate tax returns under the circumstances of this case. Here it is admitted that the corporation executed the contract. The lawsuit is a simple action for breach of contract. There is no claim, or basis for a claim, for punitive damages. We do not see how the requested documents are relevant to the pending lawsuit, nor do we see a basis on which they are “reasonably calculated to lead to the discovery of admissible evidence.” Fla.R.Civ.P. 1.280(b)(1); see Higgs v. Kampgrounds of America, 526 So.2d 980, 981 (Fla. 3d DCA 1988); Malt v. Simmons, 405 So.2d 1018 (Fla. 4th DCA 1981); Van Devere v. Holmes, 156 So.2d 899 (Fla. 3d DCA 1963). Further, we conclude that the petition for certiorari in this case satisfies the standard announced in Allstate Insurance Co. v. Langston, 655 So.2d 91 (Fla.1995).
It is, of course, permissible for plaintiffs to fashion a discovery request which asks for all of the corporate defendant’s documents which refer or relate to the contract at issue. Indeed, other items in the plaintiffs’ request for production of documents do just that. The demand for wholesale turnover of the corporate books, records, and tax returns for a five year period cannot, howev *430 er, be justified under the circumstances of this case.
Certiorari granted.