PER CURIAM.
The plaintiffs, R.A. Wenham Pty., Ltd., and Kent Clark sued defendants Paul Parker d/b/a Parker Leasing, Robert Parker, and Gary Parker, after entering into an agreement with the defendants to purchase an Australian meat packing plant out of receivership.
The lawsuit alleged one count of breach of contract, one count appears to allege fraud in the inducement, the third count is an action to rescind the contract, and fourth count requests the return of the deposits.
During the lawsuit, the plaintiffs propounded discovery to the defendants, including a request for production of documents. At issue is the plaintiffs’ demand that the individual defendants produce, “7. All tax returns for the Defendant for the preceding five (5) years,” to which the defendants objected to stating:
Objection. Overbroad, not reasonably calculated to lead to the discovery of *385 admissible evidence. Defendant cannot respond to request number 7 because the Plaintiffs Request for Production of Documents is directed towards three individual Defendants and said request fails to distinguish which person or entity for which tax returns are sought and/or what type of tax returns are sought. Further, this request seeks documents protected from disclosure by Florida’s Constitution.
The trial court ordered the documents produced and the defendants filed their petition for writ of certiorari.
There are two indispensable ingredients to common law certiorari when sought to review pretrial orders of the circuit courts: (1) irreparable injury to the petitioner that cannot be corrected on final appeal (2) caused by a departure from the essential requirements of law. Bared & Co. v. McGuire, 670 So.2d 153, 156 (Fla. 4th DCA 1996).
In compelling the production of defendants’ individual tax returns, we conclude that the trial court departed from the essential requirements of law and that defendants have shown that they will suffer irreparable harm that cannot be corrected on appeal.
We conclude that the trial court departed from the essential requirements of law in compelling production of defendant’s individual tax returns under the circumstances of this case. See Cabanas v. Ford, Armenteros, Manucy, Inc., 727 So.2d 1100 (Fla. 3d DCA 1999)(explaining that income tax returns, although not privileged, may be subject to production in discovery, but only if they are relevant); see also Danieli Corp. v. Russo, 329 So.2d 426 (Fla. 4th DCA 1976).
This lawsuit is a simple action for breach of contract. There is no claim for punitive damages. There is no showing on the record how the defendant’s individual tax returns are relevant to the pending lawsuit, nor is there any basis on which they are “reasonably calculated to lead to the discovery of admissible evidence.” See Higgs v. Kampgrounds of Am., 526 So.2d 980, 981 (Fla. 3d DCA 1988).
In the absence of any showing of relevancy to the issues in this case, and because of the individual defendants’ privacy interests in their personal income tax returns, we conclude that the order compelling production of the defendants’ individual tax returns was a departure from the essential requirements of the law. See Cabanas, 727 So.2d at 1102.
As to the balance of the claims in the petition regarding the trial court’s order compelling disclosure, there has been no showing of irreparable harm. Accordingly, as to those issues the petition is dismissed. See Bared & Co. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996).
POLEN, C.J., GUNTHER and STONE, JJ., concur.