DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LE-1**, a Florida Limited Liability Company d/b/a
**LE-1**, a California Limited Partnership,
Petitioner,

v.

**WILLIAM B. TROWER,** as Successor Personal Representative
of the Estate of **LINDA B. WEISHEIT**,
Respondent.

No. 4D20-1538

[May 5, 2021]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Maxine Cheesman, Judge; L.T. Case No. 502015CP003591XXXXMB.

John A. Turner and Andrea Cox of Saul Ewing Arnstein & Lehr LLP, West Palm Beach, for Petitioner.

Jane Kreusler-Walsh, Rebecca M. Vargas, and Stephanie L. Serafin of Kreusler-Walsh, Vargas & Serafin, P.A., West Palm Beach, and David M. Garten of Law Office of David M. Garten, West Palm Beach, for Respondent.

KUNTZ, J.

LE-1 petitions for certiorari review of an order granting Trower's motion to compel a better response to discovery. The circuit court ordered LE-1 to transport from California its documents responsive to categories 8 through 23 of respondent's third request to produce (through the first quarter of year 2020), including LE-1's original corporate documents, to Trower's counsel in Florida, with Trower to pay the transportation costs.

In this petition, LE-1 argues, among other things, that the portion of the court's order requiring LE-1 to transport its original corporate documents from California to Trower's counsel in Florida departs from the essential requires of the law and causes LE-1 irreparable harm.

Trower responds that no irreparable harm exists because the discovery is relevant to the valuation issue at hand, LE-1 did not request an expert's affidavit to confirm relevance and need, and Trower offered to enter a confidentiality agreement.

We grant the petition in part and deny it in part. We deny the petition to the extent that it seeks to quash the court's order requiring the production of the documents. But we grant the petition and quash the portion of the court's order requiring LE-1 to transport the original corporate documents from California to Trower's counsel in Florida. *Cooper v. Fulton,* 117 So. 2d 33, 36 (Fla. 3d DCA 1960) ("Where [business records] are to be examined for discovery, ordinarily they should not be required to be delivered to the adversary, but to be made available for inspection, etc., at the owners' place of business, during reasonable business hours, unless the parties mutually agree to some other place and time.") (citations omitted); *see also Kane v. WLG Corp.*, CIV.A. 4710, 1976 WL 1704, at *1 (Del. Ch. Jan. 9, 1976); *Sprintz v. Smoler Bros., Inc.*, 50 N.Y.S.2d 348, 348 (Sup. Ct. 1944). We do not hold that a court could never require a company to transport original corporate documents to Florida, but Trower did not identify a reason to do so here.

So we grant the petition in part and quash the order to the extent that it required LE-1 to transport the original corporate documents from California to Trower's counsel's office in Florida. The petition is otherwise denied.

*Petition granted in part and denied in part.*

WARNER and GERBER, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***