### BROADBENT v. MOORE-McCORMACK LINES, Inc.

Civil Action No. 3049.

District Court, E. D. Pennsylvania.

April 18, 1946.

See also 54 F.Supp. 399.

Abraham E. Freedman, of Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., and Charles R. Sheidy, Jr., Asst. U. S. Atty., of Reading, Pa., for defendant.

KALODNER, District Judge.

The petitioner, defendant in the above entitled cause, brought this motion under Rule 30(d), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to obtain an order of court terminating the taking of the deposition of one Albert B. Spaulding, whom the defendant itself had subpoenaed for the deposition to which the instant motion pertains.

The motion discloses that at the time of the taking of the deposition the plaintiff's attorney, during cross-examination, asked the defendant's counsel[1] whether he had previously obtained a statement from the deponent, Spaulding.

On receiving an affirmative reply, counsel asked for the statement. When this request was refused on the ground that the statement was privileged matter, plaintiff's counsel announced that he would not continue with the cross-examination. From the transcript it appears that the taking of the deposition was suspended for about twenty minutes while a ruling was sought on the question. It further appears that an immediate decision was not obtainable, and plaintiff's counsel not wishing to continue his cross-examination, the defendant's counsel adjourned, obviously with the expectation of resuming the deposition when a ruling could be had.

The defendant presses its motion to "close the deposition" on the theory that the demanded statement was privileged. The prayer of the motion states that, "As there is no support whatever for the position taken by the complainant and his counsel, and they ceased to cross-question the witness when he had been subpoenaed and produced, it is respectfully prayed that the deposition be declared closed, as provided by Rule 30(d)." The plaintiff, in opposing the motion, contends that the demanded statement is not privileged.

The parties have proceeded on the assumption that the fundamental issue raised by the motion is whether the deponent's prior statement to defendant's counsel is privileged, and that the disposition of the instant motion is dependent thereon. This is a misconception of the purpose and function of Rule 30(d). That rule provides:

"At any time during the taking of the deposition, on motion of any party or of the deponent *and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party,* the court in which the action is pending or the court in the district where the deposition is being taken may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in subdivision (b). If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended

---

[1] The United States Attorney has appeared on behalf of the defendant shipping company following a decision in this case by my brother, Ganey, J., determining that the instant defendant and not the United States, is the proper party defendant. See D.C.1943, 54 F.Supp. 399. For clarity, the reference will be merely to "defendant's counsel."

for the time necessary to make a motion for an order. In granting or refusing such order the court may impose upon either party or upon the witness the requirement to pay such costs or expenses as the court may deem reasonable." (Emphasis supplied.)

■■■ This Rule is a "protective" rule, introduced "for the protection of parties and deponents on account of the unlimited right of discovery given by Rule 26." See Committee Note to Subdivisions (b) and (d) of Rule 30; also 2 Moore's Federal Practice (1933) Sec. 30.06. On a motion to terminate the taking of a deposition, therefore, the only question to be decided by the court is whether the examination was being conducted properly. Consequently, it is a sufficient ground for denial of the instant motion that the moving party has failed to make so much as an assertion that "the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress." See Laverett v. Continental Briar Pipe Co., D.C.E.D.N.Y.1938, 25 F.Supp. 80, 82.

■■■ Manifestly, where a question of privilege is involved it is entirely possible that Rule 30(d) be invoked. See Union Central Life Ins. Co. v. Burger, D.C.S.D. N.Y.1939, 27 F.Supp. 556, 557. Thus, insistent questioning of the deponent as to a privileged matter may justify a motion to terminate or limit the scope of the examination. Also, the question of privilege may be determined on a motion to compel the deponent to answer a question under Rule 37(a). However, the course of events in the instant case, it seems to me, is wholly outside proper procedure. Here the defendant's counsel was not the deponent. No demand was made upon the deponent; no question relating to the alleged privileged matter was addressed to him, nor did he fail, or refuse, to answer any question.

Certainly, the request directed to defendant's counsel for the statement would not warrant termination of the examination, since there was the possibility that the statement would be furnished voluntarily. It is significant also, that at the time of the taking of the deposition there was no demand either by the deponent or defendant's counsel that the examination be suspended specifically for the purpose of making a motion under Rule 30(d).

The refusal of the plaintiff's counsel to continue his cross-examination should not have occasioned so much difficulty. He was not bound to propound questions to the deponent, and was at liberty to cease his cross-examination at will. The defendant, then should have made his redirect examination, or concluded the examination. If the parties wished to suspend the examination until the legal point raised was disposed of by a court, that is one matter, but it is not a ground for termination under Rule 30(d) that counsel did not desire further cross-examination, and the motive for his decision is not material.

Even if this Court were disposed to decide the legal issue raised at the examination as on a motion to limit the scope, it could hardly do so. Plaintiff's counsel did not put to the deponent any question relating to alleged privileged matters, and his immediate decision to cease cross-examination upon his failure to obtain the requested statement forestalls any argument that there was a threat to violate the privilege.

■■■ I think it apparent that upon the refusal to furnish the statement, the plaintiff's counsel was relegated to the proper discovery procedures provided by the Rules, when the defendant would have ample opportunity to argue its objections. The Rules of Civil Procedure were adopted especially to simplify the federal practice and to enable the speedy arrival at a just conclusion. It is chiefly when the parties attempt to proceed outside the chartered course that entanglements and delays result.

Accordingly, the motion is denied and an order may be entered pursuant hereto.