**BROWNER v. FIREMEN'S INS. CO. OF NEWARK, N. J.**

United States District Court
S. D. New York.

Oct. 18, 1949.

610

Herman Hoffman, New York City, for plaintiff.

Joseph Haskell, New York City, for defendant.

RYAN, District Judge.

Plaintiff moves under Rule 37, Federal Rules of Civil Procedure, 28 U.S.C.A., to compel answers to questions in an oral examination of John C. Baker, Jr.

Plaintiff sues to recover, under a floater policy of insurance issued by defendant, the value of two articles of jewelry allegedly lost by his wife. A sworn proof of loss was submitted to defendant and the claim referred by defendant to William M. Mortimer Company, investigators and adjusters employed for this investigation. John C. Baker, an employee of this company, conducted the investigation.

At the conclusion of defendant's investigation, the claim was disallowed and this suit was instituted. The answer contains, among other things, the defense that the proof of loss was false and fraudulent, exe-

cuted with the intent to defraud and induce defendant to make payment, that the property had not, in fact, been lost, and that because a fraudulent claim was filed the policy by its terms was void.

Defendant under stipulation produced Baker for examination. During such examination, plaintiff sought to inquire into the reports, opinions and results of the investigation conducted by Baker. Defendant objected to all questions which sought to elicit facts developed during the investigation by Baker.

Examination is permitted into all matters not privileged which are relevant to the subject matter, notwithstanding that such matters may be inadmissible at the trial, provided the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. Rule 26, Federal Rules of Civil Procedure. Where statements of a party's employees are made in the regular course of business and not solely to aid trial counsel, the statements may be inspected. Information acquired by an insurance company in its investigation of a claim is not privileged, even though a private investigator or adjuster has been employed for the purpose.

I have indicated in the margin of Baker's deposition the objections sustained and those overruled. Production is directed of the written reports made by Baker to defendant.