**Doyle SHEPHERD, Plaintiff,**

v.

**Frank CASTLE, Defendant.**

**No. 1217.**

United States District Court
W. D. Missouri,
Southwestern Division.

March 19, 1957.

Emory Melton, Cassville, Mo., Edward V. Sweeney, Monett, Mo., for plaintiff.

Robert E. Seiler, Karl Blanchard, Joplin, Mo., for defendant.

RIDGE, District Judge.

Defendant in the case at bar served notice on plaintiff, under Rule 26(a), Federal Rules Civil Procedure, 28 U.S.C.A., to take the deposition of one A. S. Ludwig, Claims Adjuster for Hardware Mutual Casualty Company. Said insurance company is presently paying plaintiff Workmen's Compensation benefits under the laws of the State of Missouri because of injuries received by plaintiff in the automobile casualty, the subject matter of the instant action. In connection with the above deposition notice, defendant caused subpoena duces tecum to be issued to Ludwig, under Rule 45 (d), F.R.C.P., commanding him to produce at the deposition hearing, the file of Hardware Mutual Casualty Company relating to plaintiff's Workmen's Compensation claim, and particularly "all written statements given by (plaintiff) pertaining to the accident" in question and "all reports and forms signed by (plaintiff); all medical reports; all records showing payments of compensation to (plaintiff) and payments for medical and hospital services pertaining to (said) accident."

Plaintiff has filed motion under Rule 45(b), F.R.C.P., to quash said subpoena duces tecum or, in the alternative, under Rule 30(d), to limit the scope of the testimony to be taken pursuant to the aforesaid deposition notice. Tersely stated, the premise of plaintiff's motion is that the documents described in the subpoena duces tecum are the "work product" of Hardware Mutual Casualty Company, and, being such, Ludwig, who is in possession thereof, should not be required to produce the same at the taking of his deposition because defendant has not "attempted to show good cause for the production of said items." The postulate of such contention is, of course, the ruling in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. In connection therewith, plaintiff asserts that so far as Hardware Mutual Casualty Company is to be considered in the case at bar, it should be accorded all the rights and privileges which it could claim if named as a party in this action, because as a Workmen's Compensation insurer it is financially interested in plaintiff's claim, as a *cestui que* trust, under Missouri law, to the extent of Workmen's Compensation benefits paid to plaintiff. Cf. Jenkins v. Westinghouse Electric Co., D.C. W.D.Mo., 18 F.R.D. 267.

█ Thus, plaintiff here seeks to have this Court apply the ruling in Hickman v. Taylor, supra, to Rule 45(b), F.R.C.P., and obtain a protective order under Rule 30(b) in respect to the production of documents as to which plaintiff does not have possession or any apparent legal right of control. Hickman v. Taylor, supra, has no application to such a situation! Hickman v. Taylor, supra, is to be read in relation to discovery under Rule 34, F.R.C.P. "Rule 34, deals with the discovery and production of documents and things from a *party*, mainly before trial, and therefore covers part of the subject matter dealt with by Rule 45(b)." Rules 34 and 45(b) should "be considered in *pari materia* as far as scope of examination is concerned, if a subpoena duces tecum is directed to a *party*, particularly at a deposition hearing * *." Moore's Fed.Proc., 2d Ed., Vol. 5, p. 1722. But, there is no language in Rule 34 that demands any such *pari materia* consideration thereof with Rule 45(b), where a subpoena duces tecum is directed to a *witness not a party* to the action. The only restriction under Rule 45(b), upon production by way of subpoena duces tecum directed to a witness, not a party to an action, is that the demand of the subpoena be not "unreasonable and oppressive," or that the call for documents made therein be conditioned "upon the advancement * * * of the reasonable cost of producing the books, papers, documents, or tangible things."

■■ Rule 45(d) does not provide a means of discovery procedure. Said rule merely provides for the usual issuance of a subpoena duces tecum, which incidentally permits a pretrial inspection of documents, etc., in connection with the taking of depositions. When a subpoena duces tecum is issued pursuant to Rule 45(d) to a non-party witness, a motion to quash or limit the scope thereof cannot be determined by a consideration of "good cause" as reviewed in Hickman v. Taylor, supra. The only limitation to be placed on the command of a subpoena duces tecum issued pursuant to Rule 45 (d), in the present situation, is that provided in Rule 45(b) itself, or a protective order under Rule 30(b). Under either said rule, a court may consider the "good faith" of a party in relation to avoidance of "annoyance, embarrassment, or oppression," but that is not the "good cause" proposition that was considered in Hickman v. Taylor, supra.

■ When a limitation order is sought, under Rule 45(b) or 30(b), it should be made by the person to whom the subpoena duces tecum is directed. He is the one who suffers from any "annoyance, embarrassment or oppression" caused thereby, or to be protected under Rule 30(b). Cf. McNelley v. Perry, D.C., 18 F.R.D. 360. Unless a party to an action can make claim to some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a non-party witness, the party to the action has no right to relief under Rule 45(b) or 30(b). Procedure for an application by motion to that purpose by a witness (non-party) is clearly contemplated by Rule 45(b) and specifically granted in Rule 30(b).

■■ In the case at bar, the party to whom the instant subpoena duces tecum was directed is not before the Court. Plaintiff makes no claim of personal privilege in any of the documents sought to be reached by said subpoena. That no claim of privilege exists in respect to said documents is made manifest by the opinions in Browner v. Firemen's Ins. Co. of Newark, N. J., D.C., 9 F.R.D. 609; Floe v. Plowden, D.C., 10 F.R.D. 504; and McNelley v. Perry, supra. That being the situation before the Court, then the only consideration we should now give to plaintiff's motion is one that views the documents sought by subpoena duces tecum from an "evidentiary" standpoint, measured by their "relevancy to the subject matter of this action." That calls for a determination as to whether said documents "constitute or contain evidence", Rule 45(d), which will be admissible at the time of trial of this case. By that, we do not mean to say that we are now called upon to make a specific ruling respecting the competency, relevancy or materiality of any of said documents. On the contrary, all we mean to here say is, that at this pretrial stage the Court is now called upon to determine whether said documents have some competency as evidence in this case, and if that matter is sufficiently established then defendant is entitled under the Rules of Civil Procedure to have the command of said subpoena complied with as a matter of right.

■■ That is the vista from which the Supreme Court of the United States has viewed production of documentary evidence sought by subpoena duces tecum under Rule 17(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. Rule 17(c), F.R.Cr.P. "is substantially the same as rule 45(b) of the Federal Rules of Civil Procedure." Notes, Advisory Committee, following 17(c), 18 U. S.C.A. In Bowman Dairy Co. v. United States, 341 U.S. 214, at page 220, 71 S.Ct. 675, 679, 95 L.Ed. 879, the Supreme Court had this to say:

"Rule 17 provided for the usual subpoena *ad testificandum* and *duces tecum*, which may be issued by the clerk, with the provision that the court may direct the materials designated in the subpoena duces tecum to be produced at a specified time and place for inspection by the de-

fendant. Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place *before* trial for the inspection of the subpoenaed materials."

Paraphrasing what the Supreme Court there stated, applying it to the instant factual situation, and to Rule 45, F.R.C.P., it may be said that Rule 45(d) provides for the usual subpoena duces tecum, which may be issued by the Clerk without any further showing made than "proof of service of a notice to take a deposition"; thereby a party may compel the production at a deposition hearing of designated documents, etc., *"which constitute or contain evidence* relating to any matters within the scope of the examination permitted by Rule 26(b); * * subject to the provisions of subdivision (b) of Rule 30 and subdivision (b) of * * * Rule 45." In the Bowman Dairy case, supra, the Court further said, 341 U.S. at page 221, 71 S.Ct. at page 679, "In short, any document or other materials, *admissible as evidence,* obtained by the Government by solicitation or voluntarily from third persons is subject to subpoena." Again paraphrasing the Supreme Court, it may be said that in Federal Civil Procedure, under the mandate of Rule 45(d), "any matter, not privileged, which is relevant to the subject matter involved in the pending action", Rule 26(b), which "constitutes or contains evidence" may be sought by subpoena duces tecum as a matter of right, subject only to the restrictive provisions of Rules 45(b) and 30(b).

 Therefore, where the deposition of a person, not a party to the action, is sought to be taken, and subpoena duces tecum is issued under Rule 45(d), Federal Rules Civil Procedure, there is no provision in the Federal Rules of Civil Procedure whereby a witness, who is not a party to the action can raise the question of "good cause" for the production of documents sought by subpoena duces tec-

um, as considered in Hickman v. Taylor. A witness who is not a party to an action is not privileged to raise the question of "good cause" any more than such witness can raise the question of materiality or relevancy. of documents sought by subpoena duces tecum. Cf. In the Matter of Chopnick, 6 F.R.Serv. 45b.413, Case 1, and Schutte & Koerting Co. v. Fisher & Porter Co., 6 F.R.Serv. 45b.413, Case 2. That being so, then plaintiff is in no better position under the present factual situation than the witness Ludwig would be.

 In the case at bar, the casualty in question occurred in the State of Arkansas. Plaintiff was riding in an automobile driven by defendant. Defendant puts in issue the so-called "Guest Statute" of Arkansas. Under the Workmen's Compensation Law of Missouri, V.A.M.S. § 287.010 et seq., plaintiff is entitled to receive compensation if he was injured in the scope of his employment. To what extent plaintiff's scope of employment may be related to defendant's driving of his automobile while plaintiff was a passenger therein, is a matter to be inquired into, and one that defendant apparently desires to sift at the deposition hearing noticed. Written statements made by plaintiff, not privileged, regarding his relation to defendant at the time in question, would be admissible in evidence in this case. Documents revealing the amount of medical and hospital bills are admissible evidence in this case. Rule 45(d), F.R.C.P., provides a subpoena practice which permits defendant to sift that evidence at a deposition hearing.

 In respect to the medical reports called for in the instant subpoena, an additional matter must be considered. We are not presently informed as to whether plaintiff will use as witnesses in this case physicians who treated him at the request of the Hardware Mutual Casualty Company. If so, then under Rule 35 (b) plaintiff is entitled to receive a report from defendant's doctors, who ex-

amined him on behalf of defendant, before defendant is entitled to examine or receive any medical reports made by plaintiff's doctors, unless plaintiff voluntarily waives the provisions of said rule. Rule 35(b) (2). No such waiver here appears.

The amount of Workmen's Compensation benefits paid plaintiff has no evidentiary value in this case. DeMoulin v. Roetheli, 354 Mo. 425, 189 S.W.2d 562; Pritt v. Terminal R. R. Ass'n, Mo., 251 S.W.2d 622.

Plaintiff's motion to quash subpoena duces tecum as to "medical reports" and "all records showing payments of compensation to" plaintiff, should be sustained; otherwise, said motion is overruled.

It is so ordered.