P. J. ROSS, Plaintiff,

v.

CITIES SERVICE GAS COMPANY, a corporation, and G & H Constructors, Inc., a corporation, Defendants.

No. 1269.

United States District Court
W. D. Missouri,
Southwestern Division.

July 12, 1957.

**36**

Ray E. Watson, Joplin, Mo., Walter B. Patterson, Fort Scott, Kan., for plaintiff.

Karl Blanchard, A. E. Spencer, Joplin, Mo., for defendants.

RIDGE, District Judge.

Title 38 U.S.C.A. § 456 provides that the records of the Veterans' Administration shall be deemed "confidential and privileged" except "(b) Where required by the process of a United States Court to be produced in any suit or proceeding therein pending; * * * ." Hence, by the express provisions of the above statute, records of the V.A. "are shorn" of any claim of absolute privilege when the exception stated becomes applicable thereto. McGlothan v. Pennsylvania R. Co., 3 Cir., 170 F.2d 121, 130.

Pursuant to the provisions of Rule 45 (b), F.R.C.P., 28 U.S.C.A., a subpoena duces tecum, directing the production, at the taking of a deposition, of books, papers, documents, etc., "which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b)", F.R.C.P., is process of a United States District Court. Shepherd v. Castle, D.C.W.D. Mo., S.W.Div., 20 F.R.D. 184; Reid v. C. H. Cronin, D.C., 15 F.R.D. 337.

In the case at bar plaintiff has moved for an order to suppress the deposition of V. E. Willis, Supervisor for the Veterans' Administration in Kansas City, Missouri, taken by defendants, on the ground that testimony elicited from said witness from records of the V.A. adduced at the taking thereof "were privileged and confidential" under Section 456, supra. Plaintiff also seeks to have defendants enjoined from using any evidence, or facts so obtained from said Willis, and the records of the V.A. The deposition in question was taken on notice duly given pursuant to Rule 30(a), F.R.C.P. In accord with the provisions of Rule 45 (b), a subpoena duces tecum was thereafter issued and served on Willis, commanding him to produce "the clinical records and the claim file" of the V.A. relating to the plaintiff. Prior to the taking of said deposition, no protective order as provided for in Rule 30(b) was sought by any party. Instead, plaintiff, through counsel, appeared at the place designated for the taking of said deposition and was present throughout the taking thereof. Before the commencement of the taking of the deposition, plaintiff's counsel orally "claim(ed) privilege under 38 U.S.C.A. § 456, concerning any records, documents filed, claims and so forth, that are in the possession of the Veterans Bureau here at Kansas City, Missouri" relating to plaintiff; objected to defendants' counsel inspecting the same; and asked that Witness Willis not be sworn, and if sworn that he refuse to answer any questions concerning such records "because we claim this privilege"; and, sought to have the taking of such deposition suspended until plaintiff could present a claim of privilege to this Court pursuant to Rule 30(d), F.R.C.P. Counsel for defendants refused to suspend the taking of said deposition and proceeded to elicit from said Willis testimony as to

the contents of certain records of the Veterans' Administration adduced by said witness relating to the plaintiff and then introduce into evidence, as exhibits, certain portions thereof.

■ Manifestly, in light of the exception, supra, to Section 456, Title 38 U.S.C.A., the claim of privilege asserted and here relied on by plaintiff to suppress the deposition of the witness, Willis, affords no grounds for the making of any such order. The records in question were properly produced by the witness, Willis, at the taking of his deposition in response to the subpoena duces tecum served on him. Shepherd v. Castle, supra. As held in the McGlothan case, supra, insofar as Veterans' Administration records are screened by any governmental policy of secrecy, it has been waived by the government to the extent set forth in the exceptions to Section 456, supra. (170 F.2d loc. cit. 130.) Therefore, there was no impropriety on the part of the Veterans' Administration, or illegality, surrounding the producing of said records by Witness Willis at the taking of the deposition here considered.

■ But, that is not to say that when the Government so waives the privilege to V.A. records they thereby become public records and are admissible *pro tanto* as evidence at the trial of this case. It is patent, from the circumstances here considered, that plaintiff's objection to the instant records was designed to take exception to his Veterans' Administration records being revealed to defendants on whatever privilege plaintiff could claim therefor. The legislative history of Section 456, supra, as delineated in Footnote 14 of the opinion in the McGlothan case, supra, clearly reveals that it was the intent of the Congress that V.A. records "should not be open to inspection to everyone" and that examination thereof, beyond the specific exceptions stated in said Section, should be allowed only with the permission of the ex-service man concerned therewith, or

when, in the judgment of the Administrator of Veterans' Affairs, such disclosure is deemed necessary and proper. Cf. Regulations V.A., 38 C.F.R., Part 1. Whether the disclosure of V.A. records is "necessary and proper" in private litigation is a matter which must be determined in the first instance by the court in which a judicial proceeding is pending. When that proposition is presented to the court, V.A. records should be viewed from the standpoint of all claims of personal privilege that may be made in regard thereto by the ex-service man to whom they relate, notwithstanding the exceptions stated in Section 456, supra, in light of the legislative intention of the Congress, expressed at the time of the passage of that Act. The fact that Congress made such records particularly subject "to process of a United States Court" and not to the process of other courts, is, in all probability, due to the fact that, generally, litigation where such records might be directly placed in issue could only be instituted and prosecuted in the Federal Courts. The legislative history of Section 456, supra, clearly reveals that it was not intended that the exceptions therein stated would subject such records to process in private litigation, where they could only be collateral to issues joined, without a showing of "good cause" for the production thereof. Rule 34, F.R.C.P., contemplates an order directed to a party to "permit the inspection and copying or photographing * * of documents, * * * not privileged * * * which are in [the] possession, custody or *control*" of a party. Under regulations of the V.A. (38 C.F.R., Part 1) an ex-service man has some control over his V.A. records, inasmuch as they may be released with his consent. Such consent to release of his V.A. records may be, under proper order of a court, directed and influenced, subject to any claims of personal privilege the ex-service man may make thereto. By said rule, ample provision is made whereby a United States District Court may *control*

the discovery and production of V.A. records in private litigation and we are of the opinion that it is essential that recourse be had to the provisions of that rule, in private litigation, before V.A. records may be brought into the open.

■ Rule 34, supra, is by the terms thereof made "subject to the provisions of Rule 30(b)." The latter rule requires that a motion be "seasonably made" for a protective order within the ambit thereof. A motion made to the court to quash or modify a subpoena duces tecum is only seasonable when "made promptly and in any event at or before the time specified in the subpoena for compliance therewith." Rule 45(b), F.R.C.P. Here, plaintiff made no such motion. Three days after the deposition in question was taken, he then filed a motion to suppress the deposition, not to quash the subpoena duces tecum served on Mr. Willis. Disclosure of the contents of the V.A. records of plaintiff had then been made. Prior to the producing of such records plaintiff had ample knowledge that their production was sought at the taking of Willis' deposition. Plaintiff's failure to protect disclosure thereof by a timely motion under Rule 30(b) could be held a waiver of any privilege he might now claim in respect thereto.

■ We do not hold plaintiff to any such waiver in the instant case. This, for the reason that at the taking of the deposition in question plaintiff asserted a claim of privilege in respect to his V.A. records. Although such objection was in the main based on the provisions of Section 456, supra, it is reasonably inferable from the statements then made that plaintiff intended to assert whatever privilege he could claim for said records, and in connection therewith sought to have the deposition terminated and the merits of his claim of privilege submitted to this Court under Rule 30(d). Because defendants' counsel did not then terminate such deposition and have the claim of privilege certified to this Court,

we do not consider it equitable, right or just to hold plaintiff has now waived any personal privilege he might now make to the introduction of his V.A. records in evidence at the time of trial of this case.

Manifestly, where a question of privilege is involved, Rule 30(d), supra, may be invoked. Broadbent v. Moore-McCormack Lines, D.C., 5 F.R.D. 220, 221. When such rule is invoked, "upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order" thereunder. Rule 30(d). As a consequence of that mandate of such rule, it is not within the prerogative of an opposing party to continue with the taking of a deposition, or determine ex parte, as was here attempted by defendants, the validity of the claim of privilege made by plaintiff's counsel. Regardless of the merits of plaintiff's claim of privilege and his invocation of Rule 30(d), it is the mandate of that rule that taking of a deposition thereupon cease. If plaintiff's demand for terminating the taking of the deposition was made without merit (as it probably was, because invoked before the examination of the witness had commenced, cf. 4 Moore Fed. Prac. p. 2051), there are provisions in the rule subjecting him to costs and reasonable expense resulting from any such improper termination. But, in the instant case, defendants' counsel did not terminate the taking of the deposition and because it was not so terminated defendants have subjected the instant deposition to sanctions. In consequence thereof, we now order that said deposition not be filed as a document in this action. Before said deposition is filed, or any part thereof is to be referred to or admitted in evidence in this case, defendants must establish before this Court "good cause" for the production and use thereof as required by Rule 34, supra.

We do not suppress said deposition because it appears from part disclosure

of plaintiff's V.A. records that the same may be vitally material to issues first raised and presented by plaintiff in his complaint. Whether that be true, we do not now determine. It is sufficient for us to here say that justice demands that doors not be closed to that upon which it appears justice hinges:—the truth.

Plaintiff's motion to suppress the deposition of V. E. Willis and to enjoin defendants from using information gained from plaintiff's V.A. records by means of subpoena duces tecum is accordingly denied.

It is so ordered.