PER CURIAM.
On certiorari we review a discovery order in a law action. Petitioner was the defendant and respondent was the plaintiff below, and they will be referred to as such herein. Plaintiff sued for damages for personal injuries received in an automobile accident, alleging an authorized driver of defendant’s car negligently caused a collision. In a second count, a higher degree of negligence was alleged as a basis upon which to seek punitive damages. Defendant answered, admitting owning the car and lending it to the driver, but denying other allegations. Defendant averred the driver’s authorization was limited; that the driver had exceeded it, and had converted the vehicle.
Plaintiff served upon defendant a notice to appear for a pre-trial deposition. The notice also directed him to bring certain documents and data including such as would show his insurance relating to the car and his assets, and all written communications made by or to him relating to the accident. Defendant moved for protection under rule 1.24(b), F.R.C.P., 30 F.S.A., objecting to the “notice” to produce, and claiming benefit of rule 1.28, F.R.C.P., which provides for production of documents for discovery on motion showing good cause. On hearing, the trial judge treated the notice as a motion to produce, and denied the protection motion. All items called for in the notice were ordered to be produced.
Defendant’s objection to the procedure employed by plaintiff here was valid. Production of papers and documents for discovery can be had by a written motion showing good cause, under rule 1.28, F.R. C.P.,[1] or, where there is good cause, by a subpoena duces tecum under rule 1.34, F.R. C.P.[2] The notice, which was treated as a motion to produce, contained no showing of good cause, and, therefore, was insufficient.[3]
Certiorari is granted and the discovery order to which it is directed is quashed. On thus disposing of this matter we preter-mit determination of other questions raised.
It is so ordered.

.“Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 1.24(b), the court in which an action is pending, may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 1.21(b) and which are in his possession, custody, or control; * *

. Brooker v. Smith, Fla.App.1959, 108 So.2d 790.

. See Sonken-Galamba Corporation v. Atchison, T. & S. F. Ry. Co., W.D.Mo. 1939, 30 F.Supp. 936, 937; Thomas French & Sons, Ltd. v. Carelton Venetian Blind Co., E.D.N.Y.1939, 30 F.Supp. 903, 905 ; 4 Moore, Federal Practice (2d ed. 1950) par. 34.07; see also, Forms 1 and 2 appended to Rule 1.28, 30 F.S.A., p. 641; compare, Bank of America National Trust and Savings Association v. Loew’s International Corporation, S.D.N.Y.1956, 18 F.R.D. 489, 490-491; Deep South Oil Company of Texas v. Metropolitan Life Insurance Company, S.D.N. Y.1958, 21 F.R.D. 340, 342.