PER CURIAM.
The appellant seeks review of an order ■denying its motion for protection in reference to certain depositions noticed subse■quent to final decree.
It appears from the record that the ap-pellee, Lucille Virginia Roberts Arpin, instituted a divorce action against Lawrence Arpin and named the appellant as defendant, seeking an injunction against the appellant prohibiting it from making certain payments under an insurance contract to the defendant-husband, which injunction was made permanent by the terms of said final decree. The final decree disposed of all questions relative to the granting of the divorce, but reserved jurisdiction to determine which of the parties, i. e., the husband or the wife, was entitled to the proceeds under the insurance policy involved in the event recovery was had. And the appellee, Lucille Virginia Roberts Arpin, was appointed receiver for the purpose of prosecuting a separate action against the appellant in appropriate forum, seeking to recover under the insurance contract, the appellant having denied liability thereunder.
Subsequently, the appellant was noticed for the taking of the deposition of its general manager, which contained therein instructions to produce, at the time of the taking of the deposition, various documents and other written memoranda relative to the chattel covered by the insurance contract. Thereupon, within the time prescribed by the rules, the appellant filed a motion for protective order seeking to quash the notice of taking deposition, which motion was subsequently denied and this order is brought on for .review by these proceedings.
The appellant has urged that the chancellor abused his discretion in permitting the taking of deposition of its general manager under the circumstances of this case, and permitting the securing of documents by'notice rather than by motion to produce, in accordance with F.R.C.P. 1.28, 30 F.S.A. Both of these contentions urged by the appellant are found te be meritorious. Any taking of deposition of an officer of the appellant in the divorce proceeding, which had been concluded, was premature and prejudicial to the appellant’s position in any subsequent cause on the insurance policy, it being apparent from the notice that the information sought was directed to the alleged “loss” under the policy. This court has recently pointed *218 out, in the case of Metz v. Smith, Fla.App., 141 So.2d 617 that the appropriate method for production of documents from a party is by written motion showing good cause under F.R.C.P. 1.28.
Therefore, the order under .review is reversed with directions to enter an appropriate protective order.
Reversed.