CARROLL, Judge
This is an interlocutory appeal from an order in equity which quashed a subpoena duces tecum addressed to a party to the cause on the ground that “a subpoena duces tecum will not run to a party at time of trial.”
 We are of the opinion that in so holding the chancellor was in error. Rule 1.34 of the 1954 Florida Rules of Civil *832 Procedure, 30 F.S.A., which provides for issuance of witness subpoenas and subpoenas duces tecum, is the same as rule 45 of the Federal Rules of Civil Procedure, 28 U.S.C.A. In the absence of a square holding on the matter in Florida we may rely on the construction which the federal courts have placed on their similar rule in this connection.[1] The federal courts hold their rule 45 authorizes issuance of a subpoena duces tecum to a party to the cause. See Crary v. Porter, 8 Cir.1946, 157 F.2d 410, 415; Arcadia Knitting Mills, Inc. v. Princeton Knitting Mills, Inc., D.C.S.D.N.Y.1940, 35 F.Supp 806; United States v. E. I. Du Pont De Nemours & Co., D.C.N.D.Ill.1953; 14 F.R.D. 341; 2B Barron & Holtzoff, Federal Practice & Procedure, § 1002; 4 Moore, Federal Practice, ¶ 34.02 [1], [3] (2 ed.). And see generally 97 C.J.S. Witnesses § 25(d) ; 4 Jones, Evidence, § 884 (5 ed.).
Though not passing on the point directly, and primarily concerned with other issues, the practice of issuing a subpoena duces tecum to a party under 1.34 F.R.C.P. appears to have been given approval by several Florida cases. See Brooker v. Smith, Fla.App.1959, 108 So.2d 790; Cooper v. Fulton, Fla.App.1960, 117 So.2d 33, 35, 83 A.L.R.2d 297; Metz v. Smith, Fla.App.1962, 141 So.2d 617.
We do not deal with or here decide whether one who seeks to have a subpoena duces tecum issued to a party and returnable at trial needs to show good cause (as is required under rule 1.28 F.R.C.P. of a motion for an order to produce), either as a condition of its issuance,[2] or in order to withstand a motion to quash the subpoena duces tecum on the ground of want of good cause. That question does not appear to have been a ground or concern in the trial court.
Accordingly, the order appealed from is reversed.
Reversed.

. “ * * * Rule 1.34 first became a part of our rules of procedure in 1954 and was adapted from Federal Rule of Civil Procedure 45. Each of our said rules and the corresponding federal rule are essentially identical. Therefore, since the point in controversy here has not been ruled on by our Supreme Court, we may look to decisions by the various federal courts for assistance.” Brooker v. Smith, Fla.App.1959, 108 So.2d 790, 795.

. Cf. Brooker v. Smith, supra.