McCORD, GUYTE P., Jr., Circuit Judge.
This case is here upon a petition for writ of certiorari to review a decision of the District Court of Appeal, Third District, Franklyn S. Inc. v. Riesenbeck, 166 So.2d 831. Because of apparent conflict between the decision in the instant case and a decision of another district court of appeal, we granted a writ of certiorari and have heard the case on both jurisdiction and merits.
The petition is predicated upon a contention that the decision sought to be reviewed is in direct conflict on the same point of law with Brooker v. Smith, 108 So.2d 790, a decision of the District Court of Appeal, Second District, and also with a decision of the District Court of Appeal, Third District, in Metz v. Smith, 141 So.2d 617. We pause to comment that the latter of the foregoing decisions can form no basis for certiorari jurisdiction in this court, as it is from the same appellate court as the decision here sought to be reviewed. See Shaw v. Puleo, Fla., 159 So.2d 641. Article V, Section 4, Subsection (2) of the Constitution of Florida, F.S.A. establishes the jurisdiction of this court and the provision thereof relating to our jurisdiction by certiorari to a district court of appeal on the conflict theory is as follows:
“ * * * The supreme court may review by certiorari any decision of a district court of appeal * * * that is in direct conflict with a decision of another district court of appeal or of the supreme court on the same point of law * * (Emphasis supplied)
The controversy here relates to the proper construction of Rule 1.34, Florida Rules of Civil Procedure, 30 F.S.A. Respondent, Franklyn S. Inc., was plaintiff in the Circuit Court of Dade County and petitioners, Elizabeth D. Grisillo and M. L. Mershon, as administrators of the estate of Thurman A. Whiteside, deceased, were defendants. The cause, a chancery action, was at issue and on the eve of the final hearing petitioners were served with subpoenas *683 duces tecum requiring that they appear at the final hearing and bring with them certain voluminous documents, the major portion of which had not been sought on previous motion to produce. Upon service of said subpoenas, petitioners moved for a protective order and an emergency hearing was held thereon before the chancellor. The motion was granted and the subpoenas quashed, the court holding that a subpoena duces tecum will not run to a party at time of trial.
On interlocutory appeal the District Court of Appeal, Third District, by its decision here sought to be reviewed, reversed the chancellor’s order and held that a subpoena duces tecum would run to a party (at time of trial) under Rule 1.34, supra. In its opinion the court stated:
“We do not deal with or here decide whether one who seeks to have a subpoena duces tecum issued to a party and returnable at trial needs to show good cause (as is required under rule 1.28 F.R.C.P. of a motion for an order to produce), either as a condition of its issuance, or in order to withstand a motion to quash the subpoena duces tecum on the ground of want of good cause. That question does not appear to have been a ground or concern in the trial court.”
Petitioners contend that good cause was not shown by respondents in the circuit court for issuance of the subpoena duces tecum and that the effect of the decision of the district court of appeal is to uphold the failure of respondents to make such showing; that such ruling is in direct conflict on the same point of law with the decision of the District Court of Appeal, Second District, in Brooker v. Smith, supra. In Brook-er the appellate court held that Rules 1.34 and 1.28 F.R.C.P. must be considered in pari materia and a motion to quash a subpoena duces tecum to a party (on taking of the party’s deposition for discovery) must be quashed if the party to whom it was issued does not show good cause for its having been issued.
We find no conflict in the two decisions. As we construe the opinion of the District Court of Appeal, Third District, in the case at bar, it found the chancellor had not ruled upon the question of good cause but had ruled only that a subpoena duces tecum will not run to a party at time of trial. The chancellor, on remand of the cause, will not be precluded from further considering the motion for protective order on the question of whether or not there was good cause shown by respondent for said subpoena and whether or not good cause must be shown. In view of this construction which we place on the district court’s opinion, same does not conflict with the aforesaid opinion of the District Court of Appeal, Second District.
We conclude, therefore, that the writ was improvidently issued and it is discharged.
It is so ordered.
DREW, C. J., and ROBERTS, O’CON-NELL and BARNS (Retired), JJ., concur.