PEARSON, Judge.
The plaintiff corporation, Pembroke Park Lakes, Inc., seeks review, by this interlocutory appeal, of an order enforcing discovery and a subpoena duces tecum against its president and its secretary in a discovery proceeding. The cause came on before the chancellor upon defendant, High Ridge Water Company’s motion pursuant to Rule 1.31, Florida Rules of Civil Procedure (1962 Rev.), 30 F.S.A., to compel witness Maurice Castellano (the President) to answer questions on oral examination, and upon the further motion of the defendant pursuant to Rule 1.31 and Rule 1.34(e),[1] Florida Rules of Civil Procedure (1962 Rev.), to require witness Anna Marciano (the Secretary) to answer questions on oral examination and to produce documentary evidence pursuant to a subpoena duces tecum. The chancellor granted each motion in the following language:
“1. The defendant’s motions are granted and the witness, Maurice Castellano, shall answer the questions as propounded, and the witness, Anna Marciano, shall produce the records as subpoenaed.”
The first question presented is whether a subpoena duces tecum may be used for the purpose of requiring a party to produce documents and other tangible things in a discovery proceeding.
The witness, Anna Marciano, secretary of the plaintiff corporation, is directed by the order to produce certain documents in response to a subpoena duces tecum. The subpoena describes the documents as follows :
“1. All correspondence, memoranda, tapes, recordings, telephone memoranda, notes or any and all other written documentary evidence of any communications between Pembroke Park Lakes, Inc., a Florida corporation and High Ridge Water Company, a Florida corporation, or any of their officers and directors.
“2. All books, records and other business records including but not limited to ledgers, journals, daily journals, audits, balance sheets, profit and loss statements, bank statements, bank books, deposit slips, income tax returns, or copies thereof, or copies of any of the above and any or all' other business records or other types of records of Pembroke Park Lakes, Inc., a Florida corporation.
“3. All correspondence, memoranda, tapes, recordings, telephone memoranda, notes or any and all other written documentary evidence of any communications-between Pembroke Park Lakes, Inc., a Florida corporation and De Soto B. Mc-Cabe, an individual, and DeSoto Lakes Corporation, a Florida corporation, or any of their officers and directors.
“4. All plans, blueprints, specifications, shop drawings, estimates, bids, contracts or other written or documentary evidence concerning the installation of the water mains, water pipes and other appurtenances of the water system on the property involved in this litigation by Pembroke Park Lakes, Inc., a Florida corporation, DeSoto B. McCabe or DeSoto Lakes Corporation, a Florida corporation, or any person, firm or corporation in their behalf.
We have previously held that a subpoena duces tecum will run to a party at time of trial.[2] Franklyn S., Inc. v. Riesenbeck, Fla.App.1964, 166 So.2d 831.
A writ of certiorari was issued by the Supreme Court of Florida to review that *87 decision upon the basis of a conflict on the same point of law with a decision of the District Court of Appeal, Second District, in Brooker v. Smith, Fla.App.1959, 108 So. 2d 790. The writ was discharged upon a holding that there was no conflict. Grisillo v. Franklyn S. Inc., Fla.1965, 173 So.2d 682. In so holding, the Supreme Court delineated the decision of the Second District in Brooker v. Smith, as follows:
“ * * * In Brooker the appellate court held that Rules 1.34 and 1.28 F.R.C.P. must be considered in pari materia and a motion to quash a subpoena duces tecum to a party (on taking of the party’s deposition for discovery) must be quashed if the party to whom it was issued does not show good cause for its having been issued.
“We find no conflict in the two decisions. As we construe the opinion of the District Court of Appeal, Third District, in the case at bar, it found the chancellor had not ruled upon the question of good cause but had ruled only that a subpoena duces tecum will not run to a party at time of trial. The chancellor, on remand of the cause, will not be precluded from further considering the motion for protective order on the question of whether or not there was good cause shown by respondent for said subpoena and whether or not good cause must be shown. In view of this construction which we place on the district court’s opinion, same does not conflict with the aforesaid opinion of the District Court of Appeal, Second District.” 173 So.2d at 683.
It is thus established that a subpoena duces tecum may run to a party for the production of documents and things at a trial, subject to the right of the responding party to move for a protective order. Therefore, the responding party is fully protected by the presence of the court at the time he will be required to respond.
Upon the basis of the reasoning in Brooker v. Smith, Fla.App.1959, 108 So.2d 790, we conclude that Rules 1.28 and 1.34 of the Florida Rules of Civil Procedure should be considered in pari materia, and that unless good cause is shown, a subpoena duces tecum may not be used for the purpose of requiring a party to produce documents or things in a discovery proceeding. We hold further that when a subpoena duces tecum is issued to a party for discovery, the latter may not, as was done here, simply fail to respond, but as provided for in Rule 1.34(b) F.R.C.P. should promptly object by motion prior to the return date, and thereupon before compliance with the subpoena duces tecum shall be required, the party causing its issuance must show good cause at a hearing on such motion. See: Metz v. Smith, Fla.App.1962, 141 So.2d 617; McKinley & Company v. Arpin, Fla.App.1962, 143 So.2d 216. Compare Joseph L. Lee, Inc. v. Margon Corp., S.D.N.Y.1956, 18 F.R.D. 390; Shepherd v. Castle, W.D.Mo. 1957, 20 F.R.D. 184; Korman v. Shull, W.D. Mich. 1960, 184 F.Supp. 928; Ostow & Jacobs, Inc. v. Morgan-Jones, Inc., S.D.N.Y. 1960, 181 F.Supp. 208; LaChance v. Service Trucking Co., D.Md.1963; 215 F.Supp. 159; Wirtz v. Local Union 169, Internat’l Hod Carriers, etc., D.Nev.1965, 37 F.R.D. 349; McLean v. Prudential Steamship Co., E.D. Va.1965, 36 F.R.D. 421; 4 Moore’s Federal Practice § 34.02[2] (b).
As to this matter of the need for a person securing the issuance of a subpoena duces tecum against a party for discovery to show good cause, and as to how the good cause shall be shown, the method to be followed is not well charted. Justice would *88 be best served in the present case by treating as timely filed the motion challenging scope and materiality and by holding a farther hearing thereon. The subsequent order as to compliance with the subpoena duces tecum should be made to depend on a showing of good cause by the party whose counsel secured its issuance. Accordingly, that portion of the order appealed which relates to the subpoena duces tecum will be reversed, with directions for further proceedings not inconsistent with the views herein expressed.
A second point presented by the appellant urges that it was error for the trial judge to require its President, Maurice Castellano, to answer certain questions. The questions propounded by the defendant to the deponent, Maurice Castellano, arose as follows :
“Q How long have you been married? A Fifteen years.
Q So she resided with you at all of those addresses up there in Woodbridge ?
A Yes, sir.
Q What type of business were you in in Connecticut ?
A I had — I owned and operated two car washes and I also build houses. I was in real estate.
Q Did you have a contractor’s license up there?
MR. LEVENSON: I object to the question. It is immaterial and irrelevant. I am giving you a lot of latitude in going into his background but this is really superfluous.
MR. POWERS : Are you instructing him not to answer the question?
MR. LEVENSON: Yes, sir. I do not think that is any of your concern.
Q (By Mr. Powers) How long were you in business as a contractor up there?
MR. LEVENSON: I object to that and instruct him not to answer again. I would like to get down to business, Mr. Powers.”
The appellant urges that the questions (whether the president of the plaintiff corporation had a contractor’s license and how long he had been in business as a contractor) are not relevant to the subject matter involved in the pending action and therefore, not within the scope of examination provided for discovery under Rule 1.21(b), Florida Rules of Civil Procedure (1962' Rev.). The rule provides:
“Scope of Examination. Unless otherwise ordered by the court as provided, herein, the deponent may be examined regarding any matter, not privileged, which, is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party, or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears, reasonably calculated to lead to the discovery of admissible evidence.”
We hold that the appellant has not shown an abuse of discretion by the chancellor in ruling upon the relevancy of, and requiring answers to, the questions quoted. The chancellor is familiar with the subject, matter involved in the pending action, and in' view of the latitude allowed upon discovery depositions, the ruling of a chancellor as to-relevancy will not ordinarily be disturbed. Cf., Charles Sales Corp. v. Rovenger, Fla. 1956, 88 So.2d 551.
The order appealed is affirmed in part and reversed in part and the cause is remanded’ for further proceedings consistent with this, opinion.
Affirmed in part and reversed in part.

. “(e) Contempt. Failure by any person without adequate excuse to obey a subpoena served upon him be deemed a contempt of the court from which the subpoena issued.”

. It should be noted that the opinion in Franklyn S., Ine. v. R-iesenbeck, supra, expressly leaves undetermined the need for a showing of good cause:
“We do not deal with or hero decide whether one who seeks to have a sub *87 poena duces tecum issued to a party and returnable at trial needs to show good cause (as is required under rule 1.28 JT.It.C.P. of a motion for an order to produce), either as a condition of its issuance or in order to withstand a motion to quash the subpoena duces tecum on the ground of want of good cause. That question docs not appear to have been a ground or concern in the trial court.” 166 So.2d at 832.