PEARSON, Judge
(dissenting).
The decision of the majority, which holds that the trial judge has departed from the essential requirements of law in denying petitioner’s motion to dismiss, seems to me to introduce a dangerous precedent into our *56 practice. For that reason I am impelled to dissent and briefly set forth the grounds.
It will be noted that the trial judge is held to have departed from the essential requirements of law because he failed to grant a motion of the defendant for the production of a mechanical recording of a telephone conversation. The conversation which it is claimed was recorded by the plaintiff was a conversation between the president of the plaintiff corporation and the president of the defendant corporation. The existence of the recording was discovered at the time that the defendant took the deposition of the plaintiff president. Under these circumstances the president of the defendant corporation is informed as to the subjects and the content of the conversation, as well as the president of the plaintiff corporation. The only advantage that the plaintiff president has is that he may use his recording to refresh his memory and possibly to corroborate his statements concerning the content of the conversation.
Defendant’s motion to produce the recording was made under Florida Rules of Civil Procedure 1.350. This rule provides that the court may (not shall) order any party to produce any designated documents, papers, accounts, letters, photographs, objects or tangible things not privileged, which constitute or contain evidence relating to any of the matters within the scope of a deposition pending action. I think it is well established that the trial judge should have the control of the process of discovery and that he should have the power to limit it in order to prevent abuse which will increase the time and expense of litigation. See Carson v. City of Fort Lauderdale, Fla.App.1965, 173 So.2d 743; Pembroke Park Lakes, Inc. v. High Ridge Water Co., Fla.App.1966, 186 So.2d 85.
Under the circumstances of this case where the evidence sought to be discovered is already known and may properly be subpoenaed for use at the trial, I would not hold that the trial judge abused his discretion to the point of departing from the essential requirements of law.
I would therefore deny the petition for writ of certiorari.