**ARMSTRONG BROS. TOOL CO. et al.**

v.

**UNITED STATES (Great Neck Saw Manufacturing, Inc., Party-In-Interest).**

C.R.D. 79–2; Court No. 77–8–02004.

United States Customs Court.

Jan. 4, 1979.

Frederick L. Ikenson, Washington, D. C., for plaintiffs.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C. (Joseph I. Liebman and Sidney N. Weiss, Trial Attys., New York City), for defendant.

NEWMAN, Judge:

This is an American manufacturers' action brought pursuant to 28 U.S.C. § 1582(b) (1970), 28 U.S.C. § 2632(a) (Supp. V 1975) and 19 U.S.C. § 1516(c) (Supp. V 1975), involving the Antidumping Act of 1921, as amended (19 U.S.C. §§ 160, *et seq.* (1970 & Supp. V 1975)). For the background of this litigation, reference is made to my prior opinion in *Armstrong Bros. Tool Co. et al. v. United States, etc.,* 80 Cust.Ct. 160, C.D. 4751, 453 F.Supp. 889, *modified on rehearing,* 81 Cust.Ct. ——, C.R.D. 78–14 (1978).

Plaintiffs, initially by means of a request for production of documents under Rule 6.4, and now by a motion to compel discovery under Rule 6.5, seek access to six documents in the files of the Treasury Department. Defendant claims that portions of these six documents are nondiscoverable on the ground of executive privilege. In support of its claim of executive privilege, defendant has submitted an affidavit executed by the Secretary of the Treasury. Plaintiffs contend that any possible executive privilege pertaining to the six documents was waived since "[d]efendant has not filed any motion for a protective order, as it should have done". (Plaintiffs' memorandum at 3.)

## I.

The contentions of the parties have been considered in the following factual context. On September 11, 1978, defendant identified ninety-five documents in response to plaintiffs' request for production, and advised plaintiffs that it would not produce the six documents involved herein. Respecting these six documents, defendant's response states that plaintiffs had agreed to give defendant an additional two weeks extension (up to September 25, 1978) in which to make a claim of privilege or assert other objections to production of the six documents. On September 25, 1978, defendant served plaintiffs with expurgated copies of the six documents and a covering letter explaining:

The documents have some sections deleted. The Secretary of the Treasury has decided to claim privilege as to those portions inasmuch as they contain intra-office staff advice and opinions. In addition the deleted sections do not contain factual matter.

In addition the last paragraph on page 3 of the April 7, 1975 memorandum has been deleted because it contain [sic] information totally irrelevant to this case. It relates to another case. Also, the parenthetical portion of the third full paragraph on page 2 of the March 19, 1975 memorandum has been deleted because it too contains information irrelevant to this case. It refers to another case.

We are not making any claim of confidentiality as to the portions of the documents being supplied to you.

In essence, then, defendant has supplied plaintiffs with unexpurgated copies of eighty-nine documents, along with expurgated versions of the six documents in question in this motion involving a claim of executive privilege.

## II.

As noted above, in support of their argument that defendant waived any possible claim of executive privilege, plaintiffs point out that defendant has not filed a motion for a protective order pursuant to Rule 6.1(c). That rule reads:

(c) *Protective Orders.* Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including, but not limited to, one or more of the following:

(1) that the discovery not be had;

(2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place;

(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters;

(5) that discovery be conducted with no one present except persons designated by the court;

(6) that a deposition, after being sealed, be opened only by order of the court;

(7) that a trade secret, or confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; or

(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

Defendant, on the other hand, insists that under Rule 6.4(b) it was proper to claim executive privilege by interposing an objection to plaintiffs' request for production, as was done in the instant case, and that the filing of a motion for a protective order was not required. Rule 6.4(b), so far as pertinent, provides:

(b) *Procedure:* * * *

The party upon whom the request is served shall serve a written response within a period designated in the request, not less than 30 days after the service thereof or within such shorter or longer time as the parties may agree or the court may allow. The response shall

state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless it is objected to, in which event the reasons for objection shall be stated. If objection is made to part of an item or category, the part shall be specified. The party submitting the request may move for an order under Rule 6.5 with respect to any objection to or other failure to respond to the request, or any part thereof, or any failure to permit inspection as requested.

■ As is readily apparent, Rule 6.4(b) explicitly provides for the assertion of objections to a request for production of documents. Thus, although a motion for protective order under Rule 6.1(c) may serve as a procedural vehicle for interposing a claim of executive privilege, the Government may also assert its claim of privilege by a timely objection to the request for production of documents. *See* Wright & Miller, *Federal Practice and Procedure:* Civil § 2213 (1970). If the party seeking discovery wishes to challenge the claim of privilege raised as an objection to production, it may do so by a motion to compel discovery under Rule 6.5, as plaintiffs have proceeded to do in the instant case. Thereupon, the Court will rule on the motion to compel, and determine the question of privilege. *Cf. Broadbent v. Moore-McCormack,* 5 F.R.D. 220, 222 (E.D.Pa.1946).

■ Here, it is undisputed that plaintiffs granted defendant an extension of time until September 25, 1978 to assert a claim of privilege or make other objections to plaintiffs' request; and that defendant asserted a claim of executive privilege in its covering letter of September 25, 1978 with respect to the deleted portions of the six documents furnished to plaintiffs. Under these circumstances, plaintiffs' contention that defendant has waived any privilege is without merit.

■ The two decisions upon which plaintiffs rely are plainly distinguishable from the facts presented here.

In *Intercontinental Fibres, Inc. v. United States,* 69 Cust.Ct. 337, C.R.D. 72–27 (1972) Judge Watson, construing Rule 7.3 pertaining to the taking of depositions upon oral examination, treated defendant's objections to plaintiff's motion for a deposition as a cross-motion for a protective order. However, it must be recognized that Rule 7.3 does not expressly provide for objections *addressed to the motion to take a deposition,* whereas here the Government followed Rule 6.4(b), which specifically provides for objections *addressed to the request for production of documents.*

In *Airco, Inc. v. United States,* Court No. 76–3–00643, Judge Richardson, *inter alia,* denied the Government's motion for leave to file out of time a motion for a protective order based on a claim of privilege.[1] Unlike the present case, in *Airco* the Government admittedly failed to object or claim privilege in response to plaintiff's request for production of documents, as contemplated by Rule 6.4(b), but instead stated that it would comply with plaintiff's request.

Plainly, here the defendant has followed a correct procedure in asserting the Secretary's claim of privilege as an objection to plaintiffs' request for production of documents pursuant to Rule 6.4(b). Consequently, there has been no waiver by defendant of any executive privilege pertaining to the six documents in dispute.

### III.

Turning to consideration of the merits of defendant's claim of executive privilege:

In support of its claim, defendant has filed an affidavit by the Secretary of the Treasury formally asserting executive privilege with respect to each of the six documents "to the extent they contain advice, recommendations, or statements of views and opinions by officials and staff members of the Treasury Department". Among other things, the affidavit recites the Treasury's need for confidentiality in the decision-making process in connection with anti-dumping investigations, and the seri-

---

1. Unpublished order entered June 1, 1978.

ous injury to the United States Government that would result if the advice, recommendations, or statements of views and opinions contained in the documents were disclosed publicly.

It is well established that the executive branch is privileged to withhold disclosure of intra-governmental documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions are formulated. The foregoing privilege, however, is not absolute but is qualified. Thus, consideration of a claim of executive privilege requires a delicate balancing of competing interests. On the one hand, there is the public's interest in preserving confidentiality to promote intra-governmental candor which is necessary for orderly functioning of the Government; on the other hand, there is the individual's need for disclosure of the particular information sought. And in the absence of proper demonstration of need for production of the privileged matters which outweighs the harm that disclosure may do to intra-governmental candor, the claim of privilege should be sustained. *Sprague Electric Company v. United States (Capar Components Corp., Party-in-Interest)*, 81 Cust.Ct. ——, C.R.D. 78–18, 462 F.Supp. 966 (1978) and cases there cited. Here, plaintiffs have failed to show any need for disclosure, and indeed have not even challenged the merits of defendant's claim of privilege.

As mentioned above, certain portions of the six documents involved herein have been deleted by defendant. Although the Secretary states in his affidavit that each of six documents "contains advice, recommendations or statements of views or opinions, of various officials and staff members of this [the Treasury] Department", the Secretary's affidavit does not *specifically* aver that the *deleted portions* comprise advice, opinions and recommendations.[2] Executive privilege, fundamentally, does not apply to purely factual data prepared for intra- or inter-office use which would not compromise military or state secrets. *EPA v. Mink,* 410 U.S. 73, 87–88, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973); *Verrazzano Trading Corp. v. United States,* 70 Cust.Ct. 347, 350–52, C.R.D. 73–9, 358 F.Supp. 273 (1973). Even factual material included in deliberative memoranda, generally, has been held discoverable if susceptible to severance from its context. *See Smith v. F. T. C.,* 403 F.Supp. 1000, 1015 (D.Del.1975).

Where discovery is resisted, as in the instant case, courts frequently examine documents *in camera* in order to determine whether they should be held in a confidential status or be disclosed to the party seeking production. *United States v. Nixon,* 418 U.S. 683, 714–16, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *EPA v. Mink,* 410 U.S. 73, 88, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973); *Pasco Terminals, Inc. v. United States,* 80 Cust.Ct. 249, C.R.D. 78–3 (1978); *Verrazzano Trading Corp. v. United States,* 69 Cust.Ct. 307, 314, C.R.D. 72–19, 349 F.Supp. 1401 (1972); *Sun Oil Company v. United States,* 514 F.2d 1020, 1024–25 (Ct.Cl.1975). However, *in camera* inspection is not to be utilized automatically in every case. *EPA v. Mink, supra,* 410 U.S. at 92–93, 94 S.Ct. 3090.

As we have seen, defendant claims that *portions* of the six documents sought by plaintiffs are nondiscoverable on the ground of executive privilege. In certain cases where courts have utilized the *in camera* procedure for determining claims of executive privilege, "it appeared, before the inspection was ordered, that the claimant was entitled to some amount of discovery", and it was necessary to separate the privileged and unprivileged materials. *Carl Zeiss Stiftung v. V. E. B. Carl Zeiss, Jena,* 40 F.R.D. 318, 332 (D.D.C.1966), *aff'd sub nom. V. E. B. Carl Zeiss, Jena v. Clark,* 128 U.S.App.D.C. 10, 384 F.2d 979 (1967), *cert. denied,* 389 U.S. 952, 88 S.Ct. 334, 19

---

**2.** Parenthetically, defendant's covering letter of September 25, 1978 served with the six expurgated documents states: "The Secretary of the Treasury has decided to claim privilege as to those [deleted] portions inasmuch as they contain intra-office staff advice and opinions. In addition the deleted sections do not contain factual matters".

L.Ed.2d 361 (1967). Here, plaintiffs are concededly entitled to a severable but undelineated portion of the six documents involved. It is, of course, for the Court and not the Secretary of the Treasury to decide whether the expurgated portions of the documents are privileged as claimed by defendant. *Cf. Sprague, supra,* and cases cited. While the foregoing proposition may be self-evident, at times there is value in reiterating the obvious.

In light of the interplay of the various factors involved herein, and under all the facts and circumstances, it is appropriate that the Court examine the six documents *in camera* without deletions in order to determine whether plaintiffs should have access to any portion of the matters expurgated by defendant. Indeed, there can be no doubt of the propriety of such *in camera* inspection. *Kerr v. United States District Court,* 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *United States v. Nixon,* 418 U.S. at 706, 94 S.Ct. 3090. Accordingly, at this time there is no basis for granting defendant's request for an immediate appeal pursuant to 28 U.S.C. § 1541(b) (1976).

In view of the conclusions reached, it is hereby ORDERED:

1) That the Secretary of the Treasury shall within thirty (30) days of the entry of this order prepare and transmit under seal to the Clerk of the United States Customs Court certified copies of the six documents identified in the Secretary's affidavit. These copies shall be in complete and unexpurgated form.

2) The unexpurgated copies shall be inspected by the Court *in camera* together with the expurgated copies heretofore submitted by the parties for the purpose of considering defendant's claim of executive privilege and determining whether the expurgated portions should be disclosed to plaintiffs.

3) Defendant's request to file an immediate appeal pursuant to 28 U.S.C. § 1541(b) is denied at this time.