(C.R.D. 79–8)

ARMSTRONG BROS. TOOL CO. ET AL. *v.* UNITED STATES (GREAT NECK SAW MANUFACTURING, INC., PARTY-IN-INTEREST)

Court No. 77–8–02004

(Dated March 27, 1979)

*Frederick L. Ikenson* for the plaintiffs.
*Barbara Allen Babcock,* Assistant Attorney General (*Joseph I. Liebman* and *Sidney N. Weiss,* trial attorneys), for the defendant.

NEWMAN, Judge: This is an American manufacturers' action brought pursuant to 28 U.S.C. 1582(b), 28 U.S.C. 2632(a) and 19 U.S.C. 1516(c) involving the Antidumping Act of 1921, as amended (19 U.S.C. 160, *et seq.*). For the background of this litigation, reference is made to my prior opinion in *Armstrong Bros. Tool Co. et al.* v. *United States, etc.,* 80 Cust. Ct. 160, C.D. 4751, 453 F. Supp. 889, *modified on rehearing,* 81 Cust. Ct. 162, C.R.D. 78–14 (1978).

Plaintiffs have filed a motion to compel discovery under rule 6.5 seeking access to six documents in the files of the Treasury Department. Defendant has interposed a claim of executive privilege respecting certain expurgated portions of the six documents supported by

an affidavit executed by the Secretary of the Treasury (Secretary). The Secretary's affidavit asserts privilege respecting each of the six documents "to the extent they contain advice, recommendations, or statements of views and opinions by officials and staff members of the Treasury Department". However, the Secretary's affidavit did not specifically aver that the *deleted portions* comprise such "advice, recommendations, or statements of views and opinions * * *".

On January 4, 1979, an order was entered in this case directing the Secretary to prepare and transmit under seal to this court certified copies of the six documents in complete and unexpurgated form for an *in camera* inspection. *Armstrong Bros. Tool Co. et al.* v. *United States, etc.*, 82 Cust. Ct. 296, C.R.D. 79–2 (1979). The Secretary has complied with that order, and I have made an *in camera* inspection of the disputed documents. Following the principles enunciated in my prior opinion herein, C.R.D. 79–2, and in *Sprague Electric Company* v. *United States (Capar Components Corp., Party-in-Interest)*, 81 Cust. Ct. 168, C.R.D. 78–18. 462 F. Supp. 966 (1978) and cases there cited, I find that the deleted portions of each of the six documents comprise "advice, recommendations, or statements of views or opinions, of various officials and staff members of (the Treasury) Department," as stated in the Secretary's affidavit. Hence, defendant's claim of privilege is sustained.

Accordingly, it is hereby ORDERED that plaintiffs' motion for an order compelling discovery is denied.